[No. B077637. Second Dist., Div. Five. Mar. 11, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
MYRON JAY TOPLITZKY, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II(B) and (C).

COUNSEL

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Marc E. Turchin and Marc J. Nolan, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

TURNER, P. J.—

## I. INTRODUCTION

This case involves a conspiracy among two lawyers and numerous non-attorneys to defraud insurance companies by staging automobile accidents. Myron Jay Toplitzky, defendant, appeals from a judgment of conviction, after a jury trial, of conspiracy (Pen. Code,[1] § 182, subd. 1, now § 182, subd. (a)(1), Stats. 1989, ch. 897, § 15, p. 3062) to commit: insurance fraud and grand theft (count 1) (§ 487, subd. 1 (now § 487, subd. (a), Stats. 1993, ch. 1125; former Ins. Code §§ 556, 1871.1, see now § 550, added by Stats. 1992, ch. 675 and attorney capping (count 2). (Bus. & Prof. Code, § 6152,

---

[1]All further statutory references are to the Penal Code except where otherwise noted.

subd. (a).)[2] Defendant, an attorney, was sentenced to state prison to serve concurrent terms of five years (count 1) and three years (count 2).[3] He was also ordered to pay a $25,000 fine. We affirm the judgment.

## II. Discussion

### A. Defendant's Sentence for Conspiring to Commit Insurance Fraud and Grand Theft Did Not Violate the State and Federal Constitutional Prohibitions of Ex Post Facto Law

■ Defendant argues his sentence for conspiring to commit insurance fraud and grand theft violated the state and federal constitutional prohibitions of ex post facto laws. (Cal. Const., art. I, § 9; U.S. Const., art. I, § 10, cl. 1.) He argues an unconstitutional increased sentence was imposed under a statutory amendment which took effect after the conspiracy began but before it ended. This contention is without merit. The grand jury indictment charged and the testimony indicated defendant was a participant in the conspiracy between November 1, 1988, and July 19, 1991. The increased penalty imposed upon defendant took effect on January 1, 1989. (Former Ins. Code, § 556, Stats. 1988, ch. 1609, § 1, pp. 5864-5865; see now § 550.) The jury found defendant guilty as charged of participation in a conspiracy lasting from November 1, 1988, to July 19, 1991. The evidence supported that finding. Defendant's defense was that he had no knowledge of the conspiracy. There was no evidence he withdrew from the conspiracy. Under these circumstances, defendant's participation in the conspiracy was properly subject to the increased penalty which took effect while the criminal

[2]Attorney capping is defined in section 6151 et seq. of the Business and Professions Code. Business and Professions Code section 6151 provides: "(a) A runner or capper is any person, firm, association or corporation acting for consideration in any manner or in any capacity as an agent for an attorney at law or law firm, whether the attorney or any member of the law firm is admitted in California or any other jurisdiction, in the solicitation or procurement of business for the attorney at law or law firm as provided in this article. [¶] (b) An agent is one who represents another in dealings with one or more third persons." Business and Professions Code section 6152 provides in pertinent part: "(a) It is unlawful for: [¶] (1) Any person, in his individual capacity or in his capacity as a public or private employee, or for any firm, corporation, partnership or association to act as a runner or capper for any such attorneys or to solicit any business for any such attorneys in and about [any public or private place]. [¶] (2) Any person to solicit another person to commit or join in the commission of a violation of subdivision (a). . . ." Business and Professions Code section 6153 describes the penalty for a violation: "Any person, firm, partnership, association, or corporation violating subdivision (a) of Section 6152 is punishable, upon a first conviction by imprisonment in a county jail for not more than one year. Upon a second or subsequent conviction, a person, firm, partnership, association, or corporation is punishable by imprisonment in a county jail for not more than one year, or by imprisonment in the state prison for 16 months or 2 or 3 years, or by a fine up to ten thousand dollars ($10,000), or by both that imprisonment and fine." However, defendant was charged with a felony violation of *conspiring* to commit the crime of attorney capping. (Former § 182, subd. 1.)

[3]Count 1 was originally charged as count 7. Count 2 was originally charged as count 22.

scheme was ongoing; there was no ex post facto violation. (*People* v. *Packard* (1982) 131 Cal.App.3d 622, 627 [182 Cal.Rptr. 576]; *U.S.* v. *Giry* (1st Cir. 1987) 818 F.2d 120, 135; *United States* v. *Borelli* (2d Cir. 1964) 336 F.2d 376, 386, fn. 5; *U.S.* v. *Gibbs* (3d Cir. 1987) 813 F.2d 596, 601-602; *U.S.* v. *Goldberger* (3d Cir. 1952) 197 F.2d 330, 331; *United States* v. *Baresh* (5th Cir. 1986) 790 F.2d 392, 404; *U.S.* v. *Jackson* (5th Cir. 1988) 845 F.2d 1262, 1264-1265; *United States* v. *Todd* (5th Cir. 1984) 735 F.2d 146, 150-151; *U.S.* v. *Henson* (6th Cir. 1988) 848 F.2d 1374, 1385-1386; *U.S.* v. *Canino* (7th Cir. 1991) 949 F.2d 928, 951-952; *U.S.* v. *Pace* (7th Cir. 1990) 898 F.2d 1218, 1238; *U.S.* v *Marks* (8th Cir. 1994) 38 F.3d 1009, 1015-1016; *Leyvas* v. *United States* (9th Cir. 1967) 371 F.2d 714, 717-718; see *United States* v. *Campanale* (9th Cir. 1975) 518 F.2d 352, 365.)[4]

B., C.*

. . . . . . . . . . . . . . . . . . . . . . .

## III. DISPOSITION

The judgment is affirmed.

Grignon, J., and Armstrong, J., concurred.

A petition for a rehearing was denied March 26, 1996, and appellant's petition for review by the Supreme Court was denied May 22, 1996.

---

[4]In an analogous situation, the United States Circuit Courts of Appeals have applied federal sentencing guidelines to conspiracies or continuing criminal enterprises initiated prior to but continuing after the effective date of the guidelines. (*U.S.* v. *Dale* (D.C. Cir. 1993) 991 F.2d 819, 853-854 [301 App.D.C. 110]; *U.S.* v. *Thomas* (1st Cir. 1990) 895 F.2d 51, 57; *U.S.* v. *Underwood* (2d Cir. 1991) 932 F.2d 1049, 1053-1055; *U.S.* v. *Rosa* (3d Cir. 1989) 891 F.2d 1063, 1068-1069; *U.S.* v. *Sheffer* (4th Cir. 1990) 896 F.2d 842, 844-845; *U.S.* v. *Engleman* (4th Cir. 1990) 916 F.2d 182, 185; *U.S.* v. *Van Nymegen* (5th Cir. 1990) 910 F.2d 164, 166; *U.S.* v. *Sloman* (6th Cir. 1990) 909 F.2d 176, 182-183; *U.S.* v. *McKenzie* (7th Cir. 1991) 922 F.2d 1323, 1328; *U.S.* v. *Tharp* (8th Cir. 1989) 892 F.2d 691, 693-695; *U.S.* v. *Kohl* (9th Cir. 1992) 972 F.2d 294, 297-298; *U.S.* v. *Williams* (10th Cir. 1990) 897 F.2d 1034, 1039-1040; *U.S.* v. *Terzado-Madruga* (11th Cir. 1990) 897 F.2d 1099, 1123-1124.)

*See footnote, *ante*, page 391.