[No. A073175. First Dist., Div. Two. July 7, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
EFRAIN DEMETRIO PALACIOS, Defendant and Appellant.

## COUNSEL

Steven D. Dopkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ronald E. Niver and Mark S. Howell, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

KLINE, P. J.—The issues presented by this appeal concern the scope and application of Penal Code section 2933.1, subdivision (c).[1] The questions raised are: whether the statute's credit limitations cover presentence "good time" as well as "worktime" credits (§ 4019, subds. (b), (c)); and whether the credit limits apply at all to a sentence imposed upon conviction after a plea of no contest to charges of a continuous course of conduct begun before the statute's enactment but completed after its operative date, and additional felonies beyond the statute's reach.

### STATEMENT OF THE CASE AND FACTS

On May 26, 1995, Efrain Demetrio Palacios pleaded no contest to 2 counts of continuous sexual abuse of a child under the age of 14 (§ 288.5),

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

and one count each of corporal injury of a child (§ 273d, subd. (a)), lewd or lascivious acts with a 15-year-old child at least 10 years younger than he (§ 288, subd. (c)), and sexual battery (§ 243.4, subd. (a)). He also admitted the truth of the probation ineligibility allegation that the continuous abuse offenses were committed by the use of force, violence, duress, menace or fear (§ 1203.066, subd. (a)(1)). On June 21, the trial court sentenced Palacios to the agreed-upon term of thirty-five years in prison: two consecutive sixteen-year terms for the continuing abuse offenses, and subordinate terms adding up to an additional three years for the three other felonies. The court awarded Palacios 145 days' custody credit—97 days for actual time served and 48 days of conduct credit (§ 4019). After a hearing held on December 19 in response to a letter from the Department of Corrections, the court decreased Palacios's custody credits to 112 days—97 days for actual time served and 15 days of conduct credit. Palacios filed a timely notice of appeal.

## DISCUSSION

Section 2933.1 provides, "(a) Notwithstanding any other law, any person who is convicted of a felony offense listed in Section 667.5 shall accrue no more than 15 percent of worktime credit, as defined in section 2933. [¶] (b) . . . [¶] (c) Notwithstanding Section 4019 . . . , the maximum credit that may be earned against a period of confinement in, or commitment to, a county jail, . . . following arrest and prior to placement in the custody of the Director of Corrections, shall not exceed 15 percent of the actual period of confinement for any person specified in subdivision (a). [¶] (d) This section shall only apply to offenses listed in subdivision (a) that are committed on or after the date on which this section becomes operative."

### A. *Allocation of Credits*

Continuous sexual abuse of a child in violation of section 288.5 is a violent felony within the meaning of section 667.5, subdivision (c)(16), and thus comes within the purview of section 2933.1, subdivisions (a) and (c). Since the other three felonies of which Palacios was convicted are *not* listed in section 667.5, he claims that section 2933.1's credit limitation does not apply to the three subordinate terms. And since the 33-day credit reduction imposed by the trial court is less than the aggregate 3-year subordinate term, Palacios contends he was entitled to the entire 48 days' conduct credit, with the balance applied to shorten that subordinate term.

His contention is supported by neither law nor logic. Following Palacios's reasoning would reward violent felons who are convicted at the same time of additional nonviolent felonies with more conduct credits than those who are

convicted of a single violent felony, thereby encouraging violent felons to commit additional—albeit nonviolent—crimes. This cannot be the law. On the contrary, in the recent case of *People* v. *Ramos* (1996) 50 Cal.App.4th 810, 817 [58 Cal.Rptr.2d 24], the court rejected the identical contention, holding that "by its terms, section 2933.1 applies to the offender not to the offense and so limits a violent felon's conduct credits irrespective of whether or not all his or her offenses come within section 667.5." Contrary to Palacios's contention, the statute's express limitation to felony *offenses* committed after its operative date (§ 2933.1, subd. (d)), does not logically undermine the *Ramos* court's conclusion. In light of the express holding in that case, we need not rely, by analogy, on cited cases which predate enactment of section 2933.1.

## B. *Ex Post Facto*

■ Although the statutory credit reduction, if applicable at all, may properly be applied to Palacios's entire term of imprisonment, it was triggered by his convictions for violating section 288.5.[2] Those convictions were based on his plea of no contest to two counts (see § 288.5, subd. (b) [separate count may be charged for each victim]) of continuous sexual abuse of a child "[o]n or between July, 1993 and October, 1994." The credit-reduction statute, section 2933.1, which by its terms applies only to offenses "committed on or after the date on which [it] becomes operative" (§ 2933.1, subd. (d)), became effective on September 21, 1994. (Stats. 1994, ch. 713, § 1.) The parties agree that even if the last of Palacios's three offending acts, as to each child, occurred as late as October 31, 1994, at least one of them must have occurred before the statute's effective date. Palacios contends the statute cannot therefore be applied to these offenses without violating the constitutional prohibition against ex post facto laws.

■ "The imposition of punishment which, after commission of a crime, has been increased or made more burdensome is barred by the ex post facto

---

[2]Section 288.5, subdivision (a) provides: "Any person who either resides in the same home with the minor child or has recurring access to the child, who *over a period of time, not less than three months in duration*, engages in *three or more acts of substantial sexual conduct* with a child under the age of 14 years at the time of the commission of the offense, as defined in subdivision (b) of Section 1203.066, or *three or more acts of lewd or lascivious conduct* under Section 288, with a child under the age of 14 years at the time of the commission of the offense is guilty of the offense of continuous sexual abuse of a child and shall be punished by imprisonment in the state prison for a term of 6, 12, or 16 years." (Italics added.) The statute's three-act requirement sets a baseline for the crime, while its continuous-access requirement targets the resident child abuser. (*People* v. *Higgins* (1992) 9 Cal.App.4th 294, 304-305 [11 Cal.Rptr.2d 694].)

clause of the Constitutions of both the United States (art. I, § 10, cl. 1) and [the] State of California (art. I, § 9). . . ." (*In re Paez* (1983) 148 Cal.App.3d 919, 922 [196 Cal.Rptr. 401], citation omitted.) "There is no significant difference between the federal and state constitutional provisions. . . ." (*People* v. *Mills* (1992) 6 Cal.App.4th 1278, 1283 [8 Cal.Rptr.2d 310], citation omitted.) "Through this prohibition, the Framers sought to assure that legislative Acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed. . . ." (*Weaver* v. *Graham* (1981) 450 U.S. 24, 28-29 [101 S.Ct. 960, 964, 67 L.Ed.2d 17], citations omitted.) "The critical question is whether the law changes the legal consequences of *acts completed* before its effective date." (*Id.* at p. 31 [101 S.Ct. at p. 965], italics added.) Thus, the critical question before us is whether Palacios's offensive "acts" were "completed" before September 21, 1994, which depends, in turn on what constitutes the "act" of continuous sexual abuse of a child.

Section 288.5 punishes a continuous course of conduct, not each of its three or more constituent acts. (*People* v. *Avina* (1993) 14 Cal.App.4th 1303, 1308-1313 [18 Cal.Rptr.2d 511] [no unanimity instruction required]; *People* v. *Higgins*, *supra*, 9 Cal.App.4th at pp. 304-305 [same].) A continuous course of conduct offense cannot logically be "completed" until the last requisite act is performed. Where an offense is of a continuing nature, and the conduct continues after the enactment of a statute, that statute may be applied without violating the ex post facto prohibition. (1 LaFave & Scott, Substantive Criminal Law (1986) § 2.4(b), p. 142; see also *People* v. *Toplitzky* (1996) 43 Cal.App.4th 491, 493-494 [51 Cal.Rptr.2d 41] [conspiracy], and cases cited therein; *U.S.* v. *Kohl* (9th Cir. 1992) 972 F.2d 294, 297-298 [application of sentencing guidlines to "straddle" offense], and cases cited therein.)

In his reply brief, Palacios suggests for the first time that *all three* requisite acts "could well have occurred long before September 21, 1994," and that indeed this is the "far more likely," nay, the "probable" scenario. He stops short of asserting this was in fact the case, nor does he identify anything in the record to support such an assertion. He merely argues, without benefit of authority, that the burden "should be" on the district attorney and the Attorney General to prove this fact.

"A plea of guilty admits every element of the offense charged . . . , all allegations and factors comprising the charge contained in the pleading. . . ." (*People* v. *Tuggle* (1991) 232 Cal.App.3d 147, 154 [283 Cal.Rptr. 422], citation omitted.) The legal effect of a no contest plea is the same.

(§ 1016, subd. 3.) At the change of plea hearing, Palacios said he understood what he was charged with, and pleaded no contest to two counts of violating section 288.5, without in any way contesting the dates alleged in the complaint. (See *People* v. *Tuggle*, *supra*, 232 Cal.App.3d at p. 154, fn. 10.) On appeal he has not attempted to distinguish *Tuggle* (guilty plea to charge of robbery "by force *and* fear" proves robbery by force, even though robbery may be accomplished by either "force *or* fear" [§ 211]).

Palacios's reliance on *Toussie* v. *United States* (1970) 397 U.S. 112, 115 [90 S.Ct. 858, 860, 25 L.Ed.2d 156], for the general proposition that "the doctrine of continuing offenses ahould be applied in only limited circumstances" is undercut by the fact that the *Toussie* court's explicit concern was the tension between the doctrine of continuing offenses and the principle of repose inherent in statutes of limitation (*ibid.*, see also *U.S.* v. *Gray* (9th Cir. 1989) 876 F.2d 1411, 1418), not the due process problems underlying the ex post facto prohibition.

### C. *Section 4019 Worktime* and *Good Time Credits*

■ Palacios's final contention is that subdivision (c) of section 2933.1 reaches only the "worktime" credits of section 4019, subdivision (b), not its subdivision (c) "good time" credits, entitling him to at least 24 more conduct credits than he was awarded. This contention runs afoul of a basic rule of statutory construction: "If the statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it. . . ." (*People* v. *Darnell* (1990) 224 Cal.App.3d 806, 811 [274 Cal.Rptr. 110], citations omitted.) Section 2933.1, subdivision (a) expressly limits "worktime credit," while subdivision (c) does not. Subdivision (c) applies by its terms to "any person specified in subdivision (a)," that is, a person "convicted of a felony offense listed in Section 667.5." Such a person may accrue no more than 15 percent of section 2933 prison worktime credit (§ 2933.1, subd. (a)), and also may not be awarded section 4019 presentence good time/worktime credits in excess of 15 percent of his actual period of confinement (§ 2933.1, subd. (c)).

This is the reading given to section 2933.1 by the court in *People* v. *Hill* (1995) 37 Cal.App.4th 220, 225, fn. 3 [44 Cal.Rptr.2d 11], which observed, "The 15 percent limitation applies both to *prison worktime* credit under section 2933 and *presentence conduct* credit under section 4019. (§ 2933.1, subds. (a) and (c).)" (Italics added.) To paraphrase the *Hill* court, section 2933.1, subdivision (a) shows that when the Legislature wanted to restrict worktime credit only, it knew how to do so.

## DISPOSITION

The judgment is affirmed.

Lambden, J., and Ruvolo, J., concurred.