[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13709
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 17, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:10-cr-00015-VMC-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ALBERTO MARTINEZ-VASQUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 17, 2011)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Carlos Martinez-Vasquez appeals his convictions and 48-month total sentence

for illegal reentry after deportation for a felony, in violation of 8 U.S.C. §§ 1326(a)

& (b)(2), and illegal entry, in violation of 8 U.S.C. §§ 1325(a)(1), 1329. On appeal, he argues that: (1) the district court erred by imposing a 16-level enhancement based on his California drug conviction when the court incorrectly interpreted the inclusive language of the charging document to mean that he was convicted of every alleged act; and (2) his convictions under both § 1325(a) and § 1326(a) violate the double jeopardy clause of the Fifth Amendment because § 1325(a) does not require proof of an element that § 1326(a) does not also require. After careful review, we affirm.

We review de novo whether a prior conviction constitutes a drug trafficking offense for sentencing guidelines enhancement purposes. United States v. Aguilar-Ortiz, 450 F.3d 1271, 1272 (11th Cir. 2006). We review de novo properly preserved double jeopardy claims, but if the defendant did not raise the issue before the district court, then we review the claim only for plain error. United States v. Bobb, 577 F.3d 1366, 1371 (11th Cir. 2009). Under plain error, we affirm the district court unless: (1) there was an error; (2) the error was plain; (3) the error affected the defendant's substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. "An error is plain if it is obvious and clear under current law." United States v. Eckhardt, 466 F.3d 938, 948 (11th Cir. 2006).

First, we are unpersuaded by Martinez-Vasquez's argument that the district court erred by imposing a 16-level enhancement based on his California drug conviction. Sentencing Guideline § 2L1.2(b)(1)(A)(i) provides a 16-level enhancement if the defendant was deported after a conviction for a felony "drug trafficking offense" and the sentence imposed was more than 13 months. The Application Notes to § 2L1.2 state that drug trafficking is "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2, cmt. n.1(B)(iv).

California Health & Safety Code § 11352(a) states in pertinent part that:

every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport [] any controlled substance . . . shall be punished by imprisonment in the state prison for three, four, or five years.

We generally use the categorical approach to determine "whether a prior conviction is a qualifying offense for enhancement purposes." Aguilar-Ortiz, 450 F.3d at 1273. This approach requires a court to look no farther than the fact of conviction and the statutory offense to see if it is the equivalent to a relevant offense

3

level enhancing definition in the Sentencing Guidelines.  United States v. Palomino Garcia, 606 F.3d 1317, 1328 (11th Cir. 2010).

When a violation of a state statute is broader than the offense as described in the Guidelines, so that a state conviction may or may not qualify for an offense level enhancement, we employ the modified categorical approach.  Id.  This approach allows a court to consider certain judicial documents to ascertain the factual circumstances of a defendant's prior conviction, and determine whether it warrants an enhancement under the Guidelines.  See id.  The court may look to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy[,] . . . or to some comparable judicial record of this information."  Shepard v. United States, 544 U.S. 13, 26 (2005).  However, a court is only limited to these documents when determining the character of a prior conviction, not whether there was a prior conviction.  See United States v. Cantellano, 430 F.3d 1142, 1147 (11th Cir. 2005).

Under California law, "[a]n abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize."  People v. Mitchell, 26 Cal.4th 181, 185 (Cal. 2001).  However, when a court sentences a defendant to imprisonment, a certified abstract of the judgment is all that is required for an officer to execute the judgment of the court.  Id.  "[T]he certified abstract of the

judgment constitutes the commitment. . . . It is thus the order sending the defendant to prison and the process and authority for carrying the judgment and sentence into effect." Id. (quotations omitted).

While we are not bound by a state court's interpretation of a similar statute when interpreting federal law, when we are determining whether a state conviction qualifies as a predicate drug trafficking offense for enhancement purposes, we are bound by a state's supreme court precedent when interpreting state law, including its determination of the elements of the statute at issue. Johnson v. United States, 130 S.Ct. 1265, 1269 (2010). If the state supreme court has not definitively determined a point of state law, we are bound to adhere to decisions of the state's intermediate courts absent some indication that the state supreme court would hold otherwise. Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 627 (11th Cir. 1996).

When a statute allows several alternative ways in which an offense can be committed, "the indictment may allege the several ways in the conjunctive, and a conviction thereon will stand if proof of one or more of the means of commission is sufficient." Fields v. United States, 408 F.2d 885, 887 (5th Cir. 1969).[1] Under California law, a plea "is deemed to constitute a judicial admission of every element

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

5

of the offense charged." People v. Chadd, 28 Cal.3d 739, 748 (Cal. 1981). "[I]t serves as a stipulation that the People need introduce no proof whatever to support the accusation: the plea ipso facto supplies both evidence and verdict." Id. A plea further admits "all allegations and factors comprising the charge contained in the pleading." People v. Palacios, 65 Cal.Rptr.2d 318, 321 (Cal. App. 1st Dist. 1997).

In this case, the district court did not err in imposing a 16-level enhancement for a prior conviction of a drug trafficking offense based on Martinez-Vasquez's California drug conviction. The court properly reviewed the charging document for the prior conviction, see Shepard, 544 U.S. at 26, which charged Martinez-Vasquez, using conjunctive language, with having committed any and all of the alleged acts, including the sale, import, and furnishing of heroin and cocaine. A conviction for the sale, import, and furnishing of heroin and cocaine constitutes a drug trafficking offense for sentencing enhancement purposes. U.S.S.G. § 2L1.2, cmt. n.1(B)(iv). Since Martinez-Vasquez pled guilty to the charge, he admitted committing all of the alleged acts and was convicted for any and all of those acts. See Chadd, 28 Cal.3d at 748; Palacios, 65 Cal.Rptr.2d at 321. Therefore, Martinez-Vasquez's conviction was for acts that constituted drug trafficking offenses, and the district court did not err in imposing a 16-level enhancement.

As for Martinez-Vasquez's argument that there is an insufficient basis for concluding that he was convicted of every prong of the statute because indictments regularly replace the disjunctive language of a statute with conjunctive language in the charge, we are unpersuaded. Although a charge may often use conjunctive language and a defendant can be convicted under any one of the alleged acts, under California law a plea amounts to an admittance and conviction on all of the elements and acts contained in the charge. Martinez-Vasquez presents no evidence or case law to rebut this conclusion.

Furthermore, his argument that the district court improperly relied on the abstract of judgment also fails. The abstract of judgment is a judicial record that summarizes the judgment of conviction, is the order sending the defendant to prison, and has the authority for carrying the judgment and sentence into effect. See Mitchell, 26 Cal.4th at 185. Since the abstract of judgment presents the oral judgment of the court and carries with it the authority to implement the judgment, it is a comparable judicial record to those listed in Shepard, and the district court did not err by looking to it. Moreover, the district court only relied on the abstract of judgment for determining that Martinez-Vasquez was convicted of the prior offense, and relied on the charging document to determine the facts of that offense. See Cantellano, 430 F.3d at 1147. Since the district court properly concluded that Martinez-Vasquez pled

7

guilty to all of the acts alleged in the California offense's charging document, some of which constituted drug trafficking offenses, and it did not look at improper documents in coming to that decision, the district court did not err in imposing a 16-level enhancement for a prior drug trafficking offense.

We are also unpersuaded by Martinez-Vasquez's claim -- reviewed for plain error since he did not raise it below -- that his convictions under both § 1325(a) and § 1326(a) violate the double jeopardy clause of the Fifth Amendment. The Fifth Amendment's double jeopardy clause guarantees that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This guarantee prohibits, among other things, multiple punishments for the same offense. Bobb, 577 F.3d at 1371. Congress has the power to authorize multiple punishments arising out of a single act or transaction. Id. However, "where two statutory provisions proscribe the same offense and there is no clear indication that the legislature intended multiple punishments for the offense, the Double Jeopardy Clause's prohibition against multiple punishments protects a defendant from being convicted under both provisions." Id. at 1371-72.

The test for determining whether two statutory provisions prohibit the same offense "is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932). Our analysis focuses on the

8

proof necessary to establish the statutory elements of each offense, not the actual evidence presented at trial. Bobb, 577 F.3d at 1372. "[C]omparing criminal statutes to determine whether one set of elements is a subset of another requires a strictly textual comparison." Id. at 1373. This requires looking to the statutory elements, not the language used in the indictment. Id.

Under 8 U.S.C. § 1325(a), it is illegal when an alien:

(1) enters or attempts to enter the United States at any time or place other than as designated by immigration officers, or (2) eludes examination or inspection by immigration officers, or (3) attempts to enter or obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact.

Under 8 U.S.C. § 1326(a), it is illegal when an alien:

(1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter

(2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior act.

Here, Martinez-Vasquez has failed to show that there was any error, much less plain error, in his convictions under 8 U.S.C. §§ 1325(a) and 1326(a) based on the assertion that they violated the double jeopardy clause of the Fifth Amendment.

9

While Section 1326(a) requires a previous removal from the United States, § 1325(a) does not; and while Section 1325(a) requires that the entry into the United States be done in one of the specifically proscribed ways, that is not required under § 1326(a). All that is required under § 1326(a) is that the alien entered or was found in the United States, irrespective of how the alien entered. Although the manner in which an alien violates § 1326(a) may also violate § 1325(a), the test to determine if there is a double jeopardy clause violation requires analyzing the proof necessary to establish the statutory elements of each offense, not the actual evidence presented. Bobb, 577 F.3d at 1372. Thus, since § 1326(a) and § 1325(a) require different proof to establish their statutory elements, they do not prohibit the same offense, and there is no double jeopardy violation for his convictions under 8 U.S.C. § 1325(a) and 1326(a). See Blockburger, 284 U.S. at 304.

**AFFIRMED.**