[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10654
Non-Argument Calendar

_____

D.C. Docket No. 9:13-cr-80183-KLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELPHINSTON DEREK DUHANEY,
a.k.a. Elphinston Dereck Mark Duheany,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 8, 2014)

Before HULL, JULIE CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

After a guilty plea, Elphinston Duhaney appeals his 30-month sentence for one count of illegal reentry after prior deportation following his conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2).  On appeal, Duhaney argues that the district court erred in applying a 12-level increase to his base offense level, pursuant to U.S.S.G. § 2L1.2(b)(1)(B), based on his prior California drug conviction.  After review, we affirm.[1]

## I.  U.S.S.G. § 2L1.2(b)(1)

A citizen of Belize, Duhaney has been removed from the United States four times, in 1984, 1998, 1999, and 2004.  Duhaney illegally reentered for a fifth time and was arrested on new drug charges in July 2013.  Subsequently, Duhaney was charged with, and pled guilty to, the § 1326(a) illegal reentry offense that resulted in the 30-month sentence now on appeal.

Under U.S.S.G. § 2L1.2(b)(1)(B), a defendant's base offense level for a § 1326(a) offense is increased by 12 levels if he was previously deported after being convicted of a felony "drug trafficking offense" for which the sentence imposed was 13 months or less.  U.S.S.G. § 2L1.2(b)(1)(B).  For purposes of § 2L1.2, the commentary to that guideline defines a "drug trafficking offense" as "an offense under federal, state, or local law that prohibits the manufacture, import,

---

[1]We review de novo a district court's determination that a prior conviction constitutes a drug trafficking offense for purposes of U.S.S.G. § 2L1.2(b)(1)(B).  See United States v. Aguilar-Ortiz, 450 F.3d 1271, 1272 (11th Cir. 2006).

2

export, distribution, or dispensing of, or offer to sell a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." Id. § 2L1.2, cmt. n.1(B)(iv) (emphasis added). The sole question on appeal is whether Duhaney was convicted under California law of a drug offense for importing, selling or offering to sell a controlled substance.

## II.  DUHANEY'S CALIFORNIA CONVICTION

Duhaney does not dispute that he has a 2001 drug conviction under California Health and Safety Code § 11352(a) ("§ 11352(a)").  Section 11352(a) covers a wide range of drug-offense conduct, providing:

> [E]very person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport . . . any controlled substance . . . shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code for three, four, or five years.

Cal. Health & Safety Code § 11352(a) (emphasis added).  This is a divisible statute in that any one of the acts listed—such as importing, selling, or offering to sell—constitutes a drug offense.

The record here contains a certified copy of the charging document against Duhaney.  Count 1 of the information charged Duhaney in the conjunctive, that is, with having committed all the conduct that violates § 11352(a):

3

> On or about March 13, 2001, in the County of Los Angeles, the crime of SALE/TRANSPORTATION/OFFER TO SELL CONTROLLED SUBSTANCE, in violation of HEALTH & SAFETY CODE SECTION 11352(a), a Felony, was committed by ELPHINSTON DUHANEY, who did unlawfully transport, import into the State of California, sell, furnish, administer, and give away, and offer to transport, import into the State of California, sell, furnish, administer, and give away, and attempt to import into the State of California and transport a controlled substance, to wit, COCAINE BASE . . . .

(Emphasis added). By using the conjunctive "and," Count 1 alleged Duhaney did all of the drug conduct charged in that Count 1, which included importing, selling, and offering to sell cocaine base. See U.S.S.G. § 2L1.2, cmt. n.1(B)(iv).

Count 2 of the information charged Duhaney with, on the same date, "unlawfully possess[ing] for sale and purchas[ing] for purposes of sale cocaine base," in violation of California Health & Safety Code § 11351.5.

The record also contains a certified copy of the Los Angeles County Superior Court's eight-page docket for Duhaney's criminal case. That eight-page docket contains the court minutes, dated June 22, 2001, which state that Duhaney "PLEADS NOLO CONTENDERE WITH APPROVAL OF THE COURT TO A VIOLATION OF SECTION 11352(A) H&S IN COUNT 01." The court minutes then reflect that the California court: (1) found "that there is a factual basis for" Duhaney's plea and accepted Duhaney's plea; (2) found Duhaney guilty of Count 1; (3) dismissed Count 2; and (4) imposed a prison sentence of nine days, reduced to time served, and placed Duhaney on three years' formal probation.

Under California law, when the charging document alleges the offense was committed in the conjunctive and a defendant pleads to the offense as charged, the defendant admits committing the offense in all the ways alleged. See, e.g., People v. Mendias, 21 Cal. Rptr. 2d 159, 164 (Cal. Ct. App. 1993); People v. Tuggle, 283 Cal. Rptr. 422, 425-27 (Cal. Ct. App. 1991), overruled on other grounds, People v. Jenkins, 893 P.2d 1224, 1233 (Cal. 1995); see also People v. Chadd, 621 P.2d 837, 842 (Cal. 1981) ("As to the merits, the plea is deemed to constitute a judicial admission of every element of the offense charged."); People v. Palacios, 65 Cal Rptr. 2d 318, 321 (Cal. Ct. App. 1997) ("A plea of guilty admits every element of the offense charged, all allegations and factors comprising the charge contained in the pleading." (quotation marks omitted)).

Further, under California law, a plea of nolo contendere to a felony offense has the same legal effect as a guilty plea "for all purposes." Cal. Penal Code § 1016(3); People v. Wallace, 93 P.3d 1037, 1043 (Cal. 2004); People v. Bradford, 939 P.2d 259, 346 (Cal. 1997). Thus, like a guilty plea, a defendant's no contest plea admits all the elements of the offense as charged. See People v. French, 178 P.3d 1100, 1108-09 (Cal. 2008).

After examining certified copies of the information and the court minutes, the district court concluded that Duhaney's California conviction was a "drug

5

trafficking offense" under U.S.S.G. § 2L1.2(b)(1) and overruled Duhaney's objection to that 12-level increase.

### III.  DISCUSSION

### A.    Modified Categorical Approach

To determine whether a prior conviction qualifies as a drug trafficking offense under U.S.S.G. § 2L1.2(b)(1), we generally apply the categorical approach, looking to the statute and the judgment of conviction to assess whether the elements of the crime of conviction are consistent with any of the offenses listed in § 2L1.2's definition of a drug trafficking offense.  See United States v. Aguilar-Ortiz, 450 F.3d 1271, 1273 (11th Cir. 2006).  However, where the statute of conviction is "divisible," meaning that it sets out one or more elements of the offense in the alternative, and some alternative elements would not qualify as drug trafficking, we apply the modified categorical approach.  See United States v. Estrella, 758 F.3d 1239, 1243, 1245 (11th Cir. 2014) (involving a 16-level "crime of violence" increase under § 2L1.2(b)(a)(A)). [2]

Under the modified categorical approach for "divisible" statutes, the sentencing court may consider a limited set of documents, referred to as the

---

[2]Contrary to Duhaney's contention, the Supreme Court's recent opinion in Descamps v. United States, 570 U.S. ___, 133 S. Ct. 2276 (2013), and this Court's subsequent opinion in United States v. Howard, 742 F.3d 1334 (11th Cir. 2014), applying Descamps, do not control this case.  Descamps and Howard addressed indivisible statutes, to which the modified categorical approach does not apply.  Here, as Duhaney concedes, § 11352(a) is a divisible statute to which the modified categorical approach properly applies.

Shepard documents.  See United States v. Howard, 742 F.3d 1334, 1342-43 (11th Cir. 2014) (citing Shepard v. United States, 544 U.S. 13, 26, 125 S. Ct. 1254, 1263 (2005)).  The Shepard documents include the charging document, a written plea agreement, the transcript of the plea colloquy, any explicit factual finding by the trial judge to which the defendant consented, or "some comparable judicial record" of this information.  Shepard, 544 U.S. at 16, 26, 125 S. Ct. at 1257, 1263.

## B.    Court Minutes as Shepard Documents

Duhaney first argues that the district court improperly relied upon the certified state court minutes because they are not a Shepard-approved document. We disagree.  The court minutes are a judicial record entered on the state court's docket that summarizes the criminal proceedings conducted by the state court.  A certified copy of the court minutes from the court of conviction reflecting that court's acceptance of Duhaney's nolo plea and finding of guilt as to Count 1 of the information is a "comparable judicial record" of Duhaney's plea and conviction on Count 1.  See Shepard, 544 U.S. at 26, 125 S. Ct. at 1263; see also Coronado v. Holder, 759 F.3d 977, 985-86 (9th Cir. 2014) (concluding that a California court's certified electronic docket and the court minutes are "equally reliable to the documents approved in Shepard"); Kwong v. Holder, 671 F.3d 872, 879-80 (9th Cir. 2011) (explaining that California state court documents such as abstracts of judgment and minute orders, which are statutorily authorized and

contemporaneously prepared by a neutral officer of the court, are of "equal reliability" to the illustrative list of documents in Shepard).

## C.    Government's Burden Under U.S.S.G. § 2L1.2(b)(1)

Duhaney next contends that even if the district court properly considered the court minutes, the government still failed to carry its burden of proof as to the § 2L1.2(b)(1)(B) increase.

The court minutes establish that Duhaney pled no contest to the § 11352(a) violation alleged in Count 1. That means, under California law, Duhaney admitted all the elements alleged conjunctively in Count 1. Thus, when Duhaney pled no contest, he admitted to, among other things, importing, selling, and offering to sell cocaine base, acts he does not dispute are drug trafficking offenses under § 2L1.2(b)(1). See U.S.S.G. § 2L1.2, cmt. n.1(B)(iv) (listing importation, distribution, and offering to sell a controlled substance among the offenses that constitute a drug trafficking offense). In short, Duhaney "necessarily admitted" committing statutory elements of a § 11352(a) offense that also constitute a drug trafficking offense. See Shepard, 544 U.S. at 16, 26, 125 S. Ct. at 1257, 1263 (explaining that the sentencing court may look to the approved judicial documents to determine what the defendant's earlier guilty plea "necessarily admitted").

Duhaney argues the fact that Count 1 charged multiple elements conjunctively is insufficient to carry the government's burden because prosecutors

8

routinely charge offenses in the conjunctive, but are required to prove only one of the alleged statutory bases to obtain a conviction at trial.  We reject this argument because, under California law, a defendant, by pleading guilty to a § 11352(a) charge pled in the conjunctive, admitted guilt as to each of the listed offenses.  See United States v. Ojeda-Estrada, 577 F.3d 871, 877 (8th Cir. 2009) (concluding that a prior conviction under § 11352(a) constituted a controlled substance offense under U.S.S.G. § 4B1.2, the career offender provision); United States v. Garcia-Medina, 497 F.3d 875, 878 (8th Cir. 2007) (concluding that a prior conviction under § 11352(a) constituted a drug trafficking offense under U.S.S.G. § 2L1.2(b)(1)(A)).

Similarly, under our Circuit's precedent, a defendant is bound at sentencing by the factual allegations establishing the elements of a crime and the elements of the crime which he admitted by pleading guilty to those elements.  See United States v. Fairchild, 803 F.2d 1121, 1124 (11th Cir. 1986) (stating that a guilty plea "admits all the elements of a formal criminal charge" (quotation marks omitted)); United States v. Taffe, 36 F.3d 1047, 1049 (11th Cir. 1994) (concluding that defendant who pled guilty to a charge, listed in the conjunctive, that he used and carried four firearms, one of which was equipped with a silencer, made a legally binding admission that he used and carried a firearm equipped with a silencer even though an accomplice actually carried the firearm with the silencer); see also

9

United States v. Drayton, 113 F.3d 1191, 1193 (11th Cir. 1997) (concluding that a nolo contendere plea, followed by an adjudication of guilt, is a conviction under Florida law for purposes of the Armed Career Criminal Act).[3]

Further, the government need not affirmatively disprove a defendant's speculation, unsupported by any evidence, that he may have pled to something less than what was alleged in Count 1, where the Shepard documents the government submitted show that the defendant pled to Count 1. See Ojeda-Estrada, 577 F.3d at 877 (stating that to require the government to disprove the defendant's theory that he may have pled guilty to something narrower than the charged offense "overstates the government's burden" to prove by a preponderance of the evidence that the defendant was convicted of a qualifying offense). The court minutes showing Duhaney entered a no contest plea to Count 1, which alleged the offense in the conjunctive, carries the government's burden to prove by a preponderance of the evidence that Duhaney had a prior conviction for a drug trafficking offense. [4]

---

[3]We recognize that Duhaney cites Young v. Holder, wherein the Ninth Circuit applied its own circuit precedent, not California law, to conclude, in the immigration context, that a guilty plea to a conjunctively charged § 11352(a) violation established at least one of the charged offenses, but not necessarily all of them. Young, 697 F.3d 976, 986 (9th Cir. 2012) (en banc). We need not address whether state or federal law controls because the result is the same under either California law or our circuit precedent given the particular record in this case.

[4]Because we conclude that Duhaney's plea to the conjunctively charged § 11352(a) offense in Count 1, as shown by the information and the court minutes, is sufficient to establish that Duhaney's conviction was for a drug trafficking offense, we need not address: (1) the government's alternative argument that the probation-ineligibility allegation in Count 1 narrowed Duhaney's § 11352(a) charge to only selling or offering to sell cocaine base; or (2) Duhaney's

Accordingly, the district court did not err in applying U.S.S.G. § 2L1.2(b)(1)(B)'s 12-level increase.

**AFFIRMED.**

---

argument that a police report and disposition of arrest also submitted to the district court at sentencing were not <u>Shepard</u>-approved documents.