Filed 5/2/16  P. v. Fischer CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>ERIN HOWARD FISCHER,<br><br>     Defendant and Appellant. | H042791<br>(Santa Cruz County<br>Super. Ct. No. F24689) |

## I.  INTRODUCTION

Defendant Erin Howard Fischer pleaded no contest to carrying a loaded firearm in a vehicle by a felon (Pen. Code, § 25850, subd. (c)(1)).[1]  The trial court sentenced him to three years in prison and granted 1,142 days of custody credits, consisting of 809 actual days plus 333 days conduct credit.  The original minute order for the sentencing proceeding and the original abstract of judgment indicated that defendant was granted conduct credit pursuant to section 2933.1.

On appeal, defendant contends that the minute order and the abstract of judgment must be corrected to delete the references to section 2933.1 because he was granted conduct credit pursuant to section 4019.  While defendant's appeal was pending, the trial

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

court amended the minute order and the abstract of judgment to indicate that conduct credit was granted pursuant to section 2933.

We agree with defendant that section 4019 was the proper basis for the trial court's grant of conduct credit. We will order the minute order and the abstract of judgment corrected accordingly.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In 2013, defendant was stopped by a police officer and found to have weapons in his vehicle and home. While criminal charges were pending against him, defendant was found incompetent and spent nearly a year at Atascadero State Hospital before being found competent. In 2014, defendant pleaded no contest to carrying a loaded firearm in a vehicle by a felon (§ 25850, subd. (c)(1)). Before he could be sentenced, defendant was again found incompetent and committed to Atascadero State Hospital. Defendant filed a notice of appeal. This court dismissed the appeal in an unpublished decision. (*People v. Fischer* (May Nov. 19, 2015, H041884) [nonpub. opn.].)[2]

In 2015, the hospital reported that defendant's competence had been restored. The court found defendant competent and reinstated criminal proceedings.

A sentencing hearing was held on July 20, 2015. The court sentenced defendant to the upper term of three years in prison and dismissed all remaining counts. The court characterized defendant's sentence as a "paper commitment" in view of his custody credits. The court granted defendant 1,142 days of custody credits, consisting of 809 actual days plus 333 days conduct credit. Regarding defendant's 809 actual days in custody, the court explained that defendant was at the hospital for 476 days and that he would not receive "good time credits" for those days. For the remaining 333 actual days,

---

[2] We take judicial notice of this court's opinion in defendant's previous appeal. Our background summary includes information that we have taken from the prior opinion.

the court explained that defendant was in county jail, and for that period of time the court was granting "double credits," meaning 333 days conduct credit.

The original minute order for the sentencing proceeding and the original abstract of judgment indicate that defendant was granted 809 actual days plus 333 days conduct credit pursuant to section 2933.1, for a total of 1,142 days of custody credits.

## III. DISCUSSION

Defendant contends that the original minute order for the sentencing hearing and the original abstract of judgment erroneously indicate that he was granted conduct credit pursuant to section 2933.1, which limits conduct credit for a defendant convicted of a violent felony. Defendant contends that section 2933.1 does not apply to him, and that he was granted conduct credit in accordance with section 4019. Defendant requests that the original minute order for the sentencing hearing and the original abstract of judgment be amended to delete the references to section 2933.1.

The Attorney General concedes that the references to section 2933.1 should be deleted because defendant was not convicted of a violent felony.

After defendant filed his opening brief on appeal and before the Attorney General filed a concession brief, defendant filed a written request in the trial court requesting correction of the error. On February 17, 2016, the trial court ordered the minute order and the abstract of judgment amended to state: "Defendant's credit for time served is 809 days local time plus 333 days per 2933 PC for a total of 1142 days." An amended abstract of judgment filed that same day reflects the trial court's order, including that defendant was granted conduct credit pursuant to section 2933.

"Section 4019 specifies the rate at which prisoners in local custody may earn credit against their sentences for good conduct while in custody. [Citation.]" (*People v. Whitaker* (2015) 238 Cal.App.4th 1354, 1358.) Section 2933.1 provides for a 15 percent limitation on presentence conduct credit under section 4019 for defendants convicted of a

3

violent felony under section 667.5, subdivision (c). (§ 2933.1, subds. (a), (c); *People v. Palacios* (1997) 56 Cal.App.4th 252, 258.)

In this case, section 2933.1 is not applicable to defendant's grant of conduct credit. Defendant was not convicted of a specified violent felony. Further, during the sentencing hearing, neither the court nor the parties suggested that defendant's offense constituted a violent felony, or that section 2933.1 applied to defendant. Moreover, for the time period that defendant was in jail and eligible to earn conduct credit, the court did not limit the conduct credit to 15 percent. Under the circumstances, where there was no basis for limiting defendant's conduct credit by 15 percent and the court did not so limit defendant's conduct credit, neither the minute order nor the abstract of judgment should indicate that section 2933.1 was the basis for defendant's conduct credit.

While this appeal was pending, the trial court ordered the minute order and abstract of judgment amended to indicate that defendant's presentence conduct credit was granted pursuant to section 2933. Section 2933 pertains to prison worktime credits and authorizes the earning of credits once a defendant *begins* serving a prison sentence. (*People v. Saibu* (2011) 191 Cal.App.4th 1005, 1011-1012.) As defendant's *presentence* conduct credit was granted pursuant to section 4019, neither the minute order nor the abstract of judgment should indicate that defendant was granted such credit pursuant to section 2933.

In sum, neither section 2933 (regarding prison worktime credits) nor section 2933.1 (regarding the limit on conduct credit for violent felonies) was the basis for the trial court's grant of presentence conduct credit. The minute order and the abstract of judgment should reflect that defendant's presentence conduct credit was granted pursuant to section 4019, and we will order the record corrected accordingly.

## IV. DISPOSITION

The judgment is affirmed. The minute order for the July 20, 2015 sentencing hearing and the abstract of judgment are ordered corrected to state that defendant was

4

granted conduct credit under Penal Code section 4019.  The clerk of the superior court is ordered to send a copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

_____
BAMATTRE-MANOUKIAN, J.


WE CONCUR:



_____
ELIA, ACTING P.J.




_____
MIHARA, J.