[No. A056125. First Dist., Div. Five. Sept. 15, 1992.]

THE PEOPLE, Plaintiff and Appellant, v.
MARK BALINTON, Defendant and Respondent.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

**COUNSEL**

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Laurence

K. Sullivan and Ann K. Jensen, Deputy Attorneys General, for Plaintiff and Appellant.

Louisa Havstad for Defendant and Respondent.

**OPINION**

**KING, Acting P. J.**—In this case we hold a trial court is authorized to set the degree of the offense upon a plea of guilty to murder despite the presence of a special circumstance allegation. The People challenge an order determining two counts of murder to be in the second degree. We affirm.

An amended information charged Mark Balinton with two counts of murder (Pen. Code, § 187),[1] two counts of second degree robbery (§ 212.5, subd. (b)) and one count of attempted murder (§§ 187, 664), all with firearm use (§ 12022.5, subd. (a)). The information included a special circumstance allegation of more than one first or second degree murder. (§ 190.2, subd. (a)(3).)

Balinton pleaded guilty to all offenses and admitted all firearm use allegations as set forth in the information. The pleas occurred as a result of discussions with the court, with the understanding that the court would determine the degree of the murders based on the preliminary hearing transcripts and a witness's statement, and upon a finding that the murders were in the second degree the indicated sentence would be 15 years to life for the murders but the court would retain discretion in imposing the firearm use enhancements. The prosecutor argued unsuccessfully that the People had a right to a jury trial on the issue of degree.

After reviewing the preliminary hearing transcripts and the witness's statement, the court orally summarized the evidence and concluded there was insufficient evidence that the murders were deliberate and premeditated. The court therefore determined the murders were in the second degree and struck the special circumstance allegation for want of a first degree murder. The court selected the upper enhancement of five years for firearm use and imposed a total sentence of twenty years to life. ■ The People filed a timely notice of appeal from the order setting the degree of murder and striking the special circumstance allegation.[2]

---

[1]All statutory references are to the Penal Code.

[2]The order is appealable by the People under section 1238, subdivision (a)(1), as an order setting aside the information. (*People* v. *Superior Court* (*Engert*) (1982) 31 Cal.3d 797, 800 [183 Cal.Rptr. 800, 647 P.2d 76].)

## I

■ The People contend the court was not authorized to set the degree of murder. Their reasoning is that because of the special circumstance allegation, the information in effect charged first degree murder, to which Balinton pleaded guilty.

The governing rule is set forth in section 1192: "Upon a plea of guilty, or upon a conviction by the court without a jury, of a crime or attempted crime distinguished or divided into degrees, the court must, before passing sentence, determine the degree. Upon the failure of the court to so determine, the degree of the crime or attempted crime of which the defendant is guilty, shall be deemed to be of the lesser degree."

Section 1192 and its counterpart for jury trials, section 1157, are applied strictly and literally in favor of defendants, even to the extent that form may triumph over substance. (*People* v. *Williams* (1984) 157 Cal.App.3d 145, 153 [203 Cal.Rptr. 562].) Thus, when a court or jury renders a verdict of guilty in a murder case but inadvertently fails to fix the degree of the offense, the murder must be deemed to be of the second degree, even if the trier of fact finds a special circumstance allegation to be true. Although first degree murder is a prerequisite for a special circumstance finding, a finding of first degree murder may not be implied, due to the unambiguous statutory language. (*People* v. *McDonald* (1984) 37 Cal.3d 351, 380-382 [208 Cal.Rptr. 236, 690 P.2d 709, 46 A.L.R.4th 1011]; *People* v. *Williams, supra,* at pp. 153-155; accord, *People* v. *Superior Court (Marks)* (1991) 1 Cal.4th 56, 73 [2 Cal.Rptr.2d 389, 820 P.2d 613].)

The People contend this rule only precludes an implication of first degree murder from a *verdict* that includes a special circumstance finding, whereas the issue here is whether the implication may be drawn from a guilty plea where the information charges a special circumstance. The distinction is meaningless. In both situations the statutory language is unambiguous. In the case of a jury trial or court trial, the trier of fact is plainly required to determine the degree of the offense. (§§ 1157, 1192.) In the case of a guilty plea, the court is plainly required to determine the degree. (§ 1192.) If unambiguous statutory language precludes an implication of first degree murder in the case of a verdict, the same conclusion is compelled in the case of a guilty plea. The court is required by section 1192 to determine the degree of the offense, and first degree murder may not be implied from a plea based on a special circumstance allegation.

The People contend, alternatively, that they were entitled to a jury trial on the issue of degree under section 190.4. This statute provides that in capital

cases, upon a plea of guilty, the defendant and the People have a right to a jury trial as to special circumstances and penalty. (§ 190.4, subds. (a) & (b).) The People's reasoning here is that because the issue of degree is relevant to the question of special circumstance and penalty, the right to a jury trial specified in section 190.4 must encompass the issue of degree. But section 190.4 prescribes the procedure to be followed when special circumstances are alleged "and the trier of fact finds the defendant guilty of first degree murder." (§ 190.4, subd. (a).) Because there was no finding of first degree murder here, the jury trial provisions of section 190.4 did not apply.[3]

II*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

The order is affirmed.

Haning, J., and Walker, J.,† concurred.

Appellant's petition for review by the Supreme Court was denied December 3, 1992. George, J., was of the opinion that the petition should be granted.

---

[3]The People might have avoided the result in this case by expressly charging the degree of murder, either at the outset or on a motion to amend the information.

*See footnote, *ante*, page 587.

†Judge of the Napa Superior Court sitting under assignment by the Chairperson of the Judicial Council.