[No. B160255. Second Dist., Div. Six. Oct. 18, 2002.]

VINCENT HENRY SANCHEZ, Petitioner, v.
THE SUPERIOR COURT OF VENTURA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Kenneth I. Clayman, Public Defender, Neil B. Quinn, Chief Deputy Public Defender, and Jan Helfrich, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Michael D. Bradbury, District Attorney, Lela Henke-Dobroth, Chief Deputy District Attorney, Dee Corona and Michael D. Schwartz, Deputy District Attorneys, for Real Party in Interest.

**OPINION**

**PERREN, J.**—Petitioner Vincent Henry Sanchez is charged with capital murder. He seeks an order from this court directing the trial court to accept his offer to plead guilty to the charge of murder, leaving it to the trial court, sitting without a jury, to determine the degree of the murder pursuant to Penal Code section 1192.[1] The People contend that if Sanchez wishes to plead guilty, the plea must be to the charge of first degree murder as alleged in the information, not to the charge recast by Sanchez as murder in an unspecified degree.

[1] All statutory references are to the Penal Code.

We hold that where the language of the felony information charges a defendant with only first degree murder, he or she may plead guilty to first degree murder, but may not plead guilty to murder in an unspecified degree or utilize the procedures of section 1192 to determine the degree of the offense. Accordingly, we deny the writ.

## PROCEDURAL HISTORY

A multicount felony information was filed in May 2002 charging Sanchez in count 1 with the first degree murder of Megan Barroso "in violation of Penal Code sections 187(a) and 189." The information alleges "special allegations" that the "murder as charged in Count 1 is murder of the first degree in that the murder was committed in the perpetration of or attempt to perpetrate" rape and kidnapping pursuant to section 189. The information also alleges, as two special circumstances, that the murder "was committed while the defendant was engaged in the commission of, or the immediate flight after, committing or attempting to commit" rape and kidnapping pursuant to section 190.2, subdivision (a)(17)(B) and (C). There was also an allegation that, in the commission of the murder, Sanchez discharged a firearm, causing great bodily injury and death. (§ 12022.53, subd. (d).)

Sanchez offered to enter a plea of guilty to "the crime of murder of Megan Barroso . . . charged in count 1 of the felony information," and admit the firearm enhancement. Sanchez stated that he "declines to enter pleas to all other counts and allegations," but acknowledged that, pursuant to section 1024, a plea of not guilty would be entered to those counts.

Both the prosecution and Sanchez treat his purported plea to "the crime of murder of Megan Barroso" as a plea of guilty without specification of the degree of murder. The People objected to entry of the plea, arguing that the information alleged first degree murder and that a guilty plea could be entered only to the offense as charged unless the prosecution agreed otherwise. Following a hearing, the trial court rejected the plea proposed by Sanchez, concluding that *Apprendi v. New Jersey* (2000) 530 U.S. 466 [120 S.Ct. 2348, 147 L.Ed.2d 435], and *Ring v. Arizona* (2002) 536 U.S. 584 [122 S.Ct. 2428, 153 L.Ed.2d 556], gave the People the right to a jury trial of the degree of the murder. A plea of not guilty to the murder of Megan Barroso was entered by the court as was a denial of the special circumstance allegations.

Sanchez filed a petition for writ of mandate asking this court to compel the trial court to accept his guilty plea to murder without specifying its degree and to conduct a hearing under section 1192 to determine the degree of the murder. We issued an alternative writ of mandate and heard argument.

## DISCUSSION

### Section 1192 Does Not Apply to First Degree Murder with Special Circumstances

A plea of guilty may be made to the offense actually charged, not a lesser or different offense, unless the prosecution consents to the plea. (§§ 1017, subd. 1, 1192.1, 1192.4.) " 'A plea of guilty admits every element of the offense charged . . . , all allegations and factors comprising the charge contained in the pleading. . . .' " (*People v. Palacios* (1997) 56 Cal.App.4th 252, 257 [65 Cal.Rptr.2d 318].)

Murder is divided into two degrees. Willful, deliberate, and premeditated murder, and murder "committed in the perpetration of, or attempt to perpetrate" rape, kidnapping and other listed felonies, is murder of the first degree. All other murder is of the second degree. (§ 189.) Here, the accusatory pleading charges Sanchez with first degree murder, not murder without the specification of degree. (§ 187.) The felony information expressly charges first degree murder and, based on its allegations, the charge can only be murder in the first degree.

Sanchez contends that, despite the language of the information, section 1192 permits him to plead guilty to an unspecified degree of murder and to compel the trial court to accept the plea and to determine the degree of the offense. Section 1192 provides that "Upon a plea of guilty, or upon conviction by the court without a jury, of a crime or attempted crime distinguished or divided into degrees, the court must, before passing sentence, determine the degree. Upon the failure of the court to so determine, the degree of the crime or attempted crime of which the defendant is guilty, shall be deemed to be of the lesser degree."

Sanchez contends that the prosecution may not avoid section 1192 by charging first degree murder. He asserts that, because murder is a crime "distinguished or divided into degrees," a plea of guilty to murder is equivalent to a plea of guilty to murder in an unspecified degree. Sanchez argues that, if a crime is divided into degrees by statute, the crime must be charged generally without regard to degree regardless of the facts of a particular case.

We reject this contention. We conclude that section 1192 is not intended to prevent the People from charging first degree murder by specifying the facts underlying that charge when such a charge is supported by the evidence at a preliminary hearing or indictment. When the language of the charge can

only be first degree murder, an accusatory pleading does not charge a crime "distinguished or divided into degrees" and, therefore, section 1192 does not apply.

Sanchez relies on *People v. Paraskevopolis* (1919) 42 Cal.App. 325 [183 P. 585], for the proposition that a specific degree of murder may not be charged in an accusatory pleading. There are no more recent cases adopting this position. *Paraskevopolis* states that "*in every case* where the crime charged is divided into degrees and a plea of guilty has been interposed," the court must determine the degree, and if not, "any attempted sentence is illegal and invalid." (*Id.* at p. 329, italics added.) Statutory changes concerning the method of prosecuting first degree murder have eroded any precedential value of *Paraskevopolis* in cases where special circumstances are alleged.[2] At the time of *Paraskevopolis*, there were no separate guilt and penalty phases in cases of first degree murder. Indeed, there was no requirement that the trier of fact make findings on the question of special circumstances because the concept was unknown to the law at that time. The jury simply returned a single verdict and, if it was guilty, the jury had discretion to determine a sentence of life imprisonment or death. And, where the defendant pleaded guilty, the trial court had discretion to impose the penalty. (See *People v. Davis* (1981) 29 Cal.3d 814, 829-830 [176 Cal.Rptr. 521, 633 P.2d 186].)

Current law requires a finding of the truth of special circumstances in order to impose a sentence of death or life without the possibility of parole, provides for separate guilt and penalty phases, and requires that the penalty be imposed by a jury, unless a jury is waived, even after a plea of guilty. (§§ 190.1-190.5.) The statutory scheme sets forth in detail the situations in which special circumstances may be charged (§ 190.2), how allegations are to be made and prosecuted (§§ 190.1, 190.4), and the factors upon which the determination of penalty should be based (§ 190.3). The truth of any special circumstances must be determined separately but at the same time as the determination of the question of a defendant's guilt of first degree murder. (§ 190.1.)

In essence, the role of section 1192 in a special circumstances murder case has been preempted by other statutes which give the jury primacy in

---

[2]In *People v. Jones* (1959) 52 Cal.2d 636, 642-643 [343 P.2d 577], the Supreme Court noted that section 190.1 provided for separate jury trials of guilt and penalty in capital cases, but that there was no right to a jury trial under section 1192 procedures. Contrary to the People's position in oral argument, however, *Jones* did not consider the viability of section 1192 under post-1957 law or whether a defendant can plead guilty to murder without specification of degree when first degree murder is charged.

determining guilt and penalty. Even where a defendant pleads guilty to the offense, a jury trial is required for the determination of special circumstances unless there has been a waiver by both the prosecution and defendant. (§ 190.4, subd. (a).)

Relying on *People v. Balinton* (1992) 9 Cal.App.4th 587 [11 Cal.Rptr.2d 817], Sanchez argues that changes in the law since *Paraskevopolis* do not affect the trial court's obligation to set the degree of murder after a plea of guilty. In *Balinton*, the defendant entered a plea of guilty to two counts of murder which were charged without specifying the degree, but where a multiple murder special circumstance was alleged. (*Balinton*, at p. 589; see § 190.2, subd. (a)(3).) The trial court made a section 1192 determination of the degree of the murders and ruled that both murders were in the second degree. (*Balinton*, at p. 589.) The People appealed, contending that in making a section 1192 ruling the trial court had usurped the function of the jury. (*Balinton*, at pp. 589-590.)

The Court of Appeal affirmed, holding that section 1192 obligated the trial court to determine the degree of guilt and permitted a finding of second degree murder because the degree of murder was not specified in the accusatory pleading. The court stated that, even though a true finding of the special circumstance would compel a first degree murder conviction as a matter of law, a charge of first degree murder could not be implied when the accusatory pleading did not specify the degree. (*People v. Balinton, supra,* 9 Cal.App.4th at p. 590.) In reaching this conclusion, the court stated that it was obligated to follow existing case law that strictly and literally applied sections 1157[3] and 1192 to prevent the implication of a first degree murder charge, plea, or conviction even "to the extent that form may triumph over substance." (*Balinton*, at p. 590, citing *People v. McDonald* (1984) 37 Cal.3d 351, 380-382 [208 Cal.Rptr. 236, 690 P.2d 709, 46 A.L.R.4th 1011]; *People v. Williams* (1984) 157 Cal.App.3d 145, 153 [203 Cal.Rptr. 562].)

*Balinton* does not support Sanchez's position. Here, unlike in *Balinton*, the accusatory pleading specifically charges first degree murder so that the degree of the murder does not have to be implied from the special circumstance allegations. *Balinton* does not interpret section 1192 to give the trial

---

[3]Section 1157 is a counterpart and companion to section 1192 concerning the specification of degree in a jury verdict. It provides in its entirety: "Whenever a defendant is convicted of a crime or attempt to commit a crime which is distinguished into degrees, the jury, or the court if a jury trial is waived, must find the degree of the crime or attempted crime of which he is guilty. Upon the failure of the jury or the court to so determine, the degree of the crime or attempted crime of which the defendant is guilty, shall be deemed to be of the lesser degree."

court authority to determine the degree of the murder when first degree murder is expressly charged. In fact, *Balinton* emphasized the distinction between an express charge and a charge inferred from special circumstance allegations when it stated that the result may have been different if the prosecution had charged first degree murder in the information. (*People v. Balinton, supra,* 9 Cal.App.4th at p. 591, fn. 3.)

Moreover, *Balinton* is questionable precedent because its strict and formalistic interpretation of sections 1157 and 1192 derived from *People v. McDonald, supra,* 37 Cal.3d 351, has recently been rejected by our Supreme Court. In *People v. Mendoza* (2000) 23 Cal.4th 896 [98 Cal.Rptr.2d 431, 4 P.3d 265], the jury returned a verdict of murder without specification of degree. The Supreme Court rejected the argument that the verdict must be deemed to be murder of the second degree under section 1157 because the jury failed to specify the degree of the crime in its verdict.

The court held that the verdict was necessarily a verdict of first degree murder and that the defendant had not been " 'convicted of a crime . . . which is distinguished into degrees' " within the meaning of section 1157. (*People v. Mendoza, supra,* 23 Cal.4th at p. 900.) Although the indictment did not specify the degree of the murder, it alleged as special circumstances that the murder occurred during the commission of robbery and burglary. (§ 190.2, subd. (a)(17).) And, the only prosecution theory at trial was felony murder during a burglary and robbery. (*Mendoza,* at p. 900.) Under the statutorily created first degree felony-murder rule, when a defendant kills while committing a felony listed in section 189, " 'the killing is deemed to be first degree murder as a matter of law.' " (*Mendoza,* at p. 908.) All murder committed during the commission of robbery or burglary is "murder of the first degree" and, therefore, such murders are not divided into degrees. (*Id.* at pp. 900, 908.)

In addition, *Mendoza* expressly disapproved *McDonald. Mendoza* rejected *McDonald's* interpretation of section 1157 as ignoring the plain meaning of the statute and its purpose of ensuring that an express determination of degree is clear where a verdict other than first degree is permissible. (*People v. Mendoza, supra,* 23 Cal.4th at p. 914.) *Mendoza* also states that *McDonald's* interpretation elevates form over substance to produce the absurd and unjust result of imposing a conviction for a degree of the offense that was not at issue in the case. (*Id.* at p. 911.)

The rationale of *Mendoza* concerning section 1157 applies to the application of section 1192 in this case. *Mendoza* holds that murder with special

circumstances is first degree murder as a matter of law and, therefore, is not a crime "distinguished into degrees" for purposes of invoking the degree-setting procedure of section 1157. Following this reasoning, a charge of murder with special circumstances is not the charge of a crime "distinguished or divided into degrees" for purposes of invoking the degree-setting procedure of section 1192. In *Mendoza,* section 1157 did not apply because the evidence established a verdict of first degree murder as a matter of law. Here, section 1192 does not apply because the accusatory pleading establishes the charge as first degree murder as a matter of law.

Moreover, *Mendoza*'s rejection of the strict and literal interpretation of section 1157 compels rejection of the similar interpretation of section 1192 in *Balinton* and other cases that preclude the "implication" of a first degree murder charge based on an allegation of special circumstances. Even if the words "first degree" had not been included in the pleading against Sanchez, the charge would be first degree murder as a matter of law based on any of the "special allegations" 1 through 3 and on the special circumstance allegations.

Section 1192 was enacted to assure certainty in the degree of a conviction prior to sentencing. (*People v. Lamb* (1986) 176 Cal.App.3d 932, 935 [222 Cal.Rptr. 570].) It was not intended to apply where neither logic nor the accusatory pleading leave any doubt as to the degree of the murder charged. Sanchez may challenge proof of the charge by pleading not guilty. He may also, as he has done, challenge the sufficiency of the felony information by seeking to set it aside under section 995. He may not, however, enter a plea of guilty to murder in an unspecified degree in an attempt to inject uncertainty into an accusatory pleading which has none.

Sanchez argues that, because section 190.4 requires a conviction of first degree murder separate from a determination of the special circumstances, section 1192 can be reconciled with the current statutory scheme. We agree that apparently conflicting statutes should be reconciled if possible, and our conclusions preserve the intended role of section 1192. Section 1192 remains applicable where murder is charged in an unspecified degree as well as to other crimes that are divided into degrees.

*Apprendi Does Not Require a Jury Trial*

The People contend that the United States Supreme Court decisions in *Apprendi v. New Jersey, supra,* 530 U.S. 466, and *Ring v. Arizona, supra,* 536 U.S. 584 [122 S.Ct. 2428], may prevent a state from allowing a defendant to

waive his or her right to have a jury determine the degree of murder. Although we deny the writ petition on other grounds, we are compelled to address the *Apprendi* argument because it was erroneously adopted by the trial court as the principal rationale for the trial court's ruling.

We do not read *Apprendi* and *Ring* as providing support for the proposition that a defendant may not waive his or her jury trial rights by entering a plea of guilty to a criminal offense. In *Apprendi*, the United States Supreme Court held that any fact (other than a prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt. (*Apprendi v. New Jersey, supra,* 530 U.S. at p. 476 [120 S.Ct. at p. 2355].) In *Ring,* the court applied *Apprendi* to overturn a statute that permitted the trial court, rather than a jury, to determine whether there were aggravating circumstances justifying imposition of the death penalty. (*Ring v. Arizona, supra,* 536 U.S. at pp. 592-595 [122 S.Ct. at pp. 2434-2435].) Neither of the cases concerned a voluntarily entered guilty plea or the waiver of jury trial rights necessarily encompassed by such a plea. Both cases relied on the Sixth Amendment, which gives defendants, not the state, the right to trial by jury.

## CONCLUSION

Sanchez may plead not guilty or guilty to the charged offense of first degree murder. (*People v. Ernst* (1994) 8 Cal.4th 441, 447 [34 Cal.Rptr.2d 238, 881 P.2d 298] [People cannot prevent guilty plea by refusing to waive jury trial].) If Sanchez pleads guilty to first degree murder, the plea will constitute an admission of all elements of that offense. Nothing in this opinion, however, compels Sanchez, as part of the plea, to admit the truth of any special circumstance or "special allegations" 1 through 3 in the information. In accepting the plea, the trial court should determine a factual basis for the plea based on allegations in the information, but this determination will not constitute an admission of the facts relied on by the court in its determination. (*People v. Hoffard* (1995) 10 Cal.4th 1170, 1181, 1183-1184 [43 Cal.Rptr.2d 827, 899 P.2d 896] [determining factual basis of plea encouraged but not required when plea is not conditioned upon a particular sentence or other exercise of the court's powers].)

If Sanchez pleads guilty to first degree murder, the trier of fact will then determine the truth of the special circumstance allegations. As with a plea of not guilty, if one or more of the special circumstances is found true, the case will proceed to its penalty phase.

We do not suggest that Sanchez is compelled to plead guilty to first degree murder or any other charge of which he stands accused. Should he not wish

to do so, he can put the People to their proof by demanding a trial on the charge.

The alternative writ is discharged and the petition for peremptory writ of mandate is denied.

Gilbert, P. J., and Coffee, J., concurred.

A petition for a rehearing was denied November 14, 2002, and the opinion was modified to read as printed above. Petitioner's petition for review by the Supreme Court was denied January 29, 2003. Werdegar, J., was of the opinion that the petition should be granted.