Filed 6/18/13

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>ALLEN DAVID FONG,<br><br>　　　Defendant and Appellant. | H037245<br>(Santa Clara County<br>Super. Ct. Nos. EE907153, C1100779) |

Defendant Allen David Fong challenges the application of Penal Code section 2933.1[1] to him. He argues that his admission of a section 12022.7 enhancement allegation associated with his 2009 felony offense did not bring him within the provisions of section 667.5, subdivision (c)(8), which would qualify him for application of section 2933.1's credit limiting provisions. Defendant claims that section 667.5, subdivision (c)(8)'s reference to section 12022.7 was a time-specific incorporation of the 1977 version of section 12022.7. The 1977 version contained a specific intent requirement that was deleted in 1995, and which defendant did not admit. We conclude that section 667.5, subdivision (c)(8)'s incorporation of section 12022.7 was not a time-specific incorporation. Consequently, defendant is subject to section 2933.1's credit limiting provisions.

---

[1] Subsequent statutory references are to the Penal Code unless otherwise specified.

## I.  Background

The facts of defendant's offenses are not relevant to his appellate contentions.  He pleaded no contest to two counts of assault with a deadly weapon (§ 245, subd. (a)(1)) and one count of dissuading a witness in furtherance of a conspiracy (§ 136.1, subd. (c)(2)).  He also admitted gang allegations (§ 186.22, subd. (b)) attached to both assault counts and admitted that he had personally inflicted great bodily injury (GBI) (§ 12022.7, subd. (a)) in the commission of one of the assaults.  The assaults occurred in 2009.  The dissuading occurred between June 2010 and February 2011.  Defendant's pleas and admissions were entered pursuant to a plea agreement under which he was promised a 17-year prison sentence.  During the plea colloquy, defendant was advised that his credit would be limited to 15 percent.

At the August 2011 sentencing hearing, the court imposed the agreed 17-year prison sentence.  The court struck the punishment for the GBI enhancement and for one of the gang enhancements under section 1385.  It awarded defendant 608 days of actual custody credit and 91 days of conduct credit pursuant to section 2933.1.  All of his credit was applied solely to the assault count with the GBI enhancement.  Defendant timely filed a notice of appeal.  His request for a certificate of probable cause was denied.

After judgment was entered, defendant filed a motion to amend the abstract to correct a mathematical error, to award him additional conduct credit, and to find that his credit was not limited to 15 percent under section 2933.1.  The court corrected the mathematical error, awarding him one additional day of actual custody credit.  It rejected his other requests.  Defendant timely filed a notice of appeal from this order.

## II.  Analysis

Defendant claims that the trial court erred in subjecting him to section 2933.1's credit limitations because he did not admit that he *specifically intended* to inflict GBI.

2

Section 2933.1, subdivision (a) provides: "Notwithstanding any other law, any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 shall accrue no more than 15 percent of worktime credit, as defined in Section 2933." Section 2933.1, subdivision (c) provides: "Notwithstanding Section 4019 or any other provision of law, the maximum credit that may be earned against a period of confinement in, or commitment to, a county jail, industrial farm, or road camp, or a city jail, industrial farm, or road camp, following arrest and prior to placement in the custody of the Director of Corrections, shall not exceed 15 percent of the actual period of confinement for any person specified in subdivision (a)." Thus, both worktime and conduct credit are restricted to 15 percent for persons who commit offenses listed in section 667.5, subdivision (c).

Section 667.5, subdivision (c) lists many offenses, including "[a]ny felony in which the defendant inflicts great bodily injury on any person other than an accomplice *which has been charged and proved as provided for in Section 12022.7*, 12022.8, or 12022.9 on or after July 1, 1977 . . . ." (§ 667.5, subd. (c)(8), italics added.) Defendant was convicted of a felony in which he inflicted great bodily injury on a non-accomplice, and the GBI enhancement was "charged and proved as provided for in Section 12022.7 . . . ." Nevertheless, defendant contends that section 2933.1's credit limitations do not apply to him because in 1977, when section 667.5, subdivision (c)(8) first became operative, former section 12022.7, which became operative at the same time, contained a specific intent requirement. Although section 12022.7 no longer contains a specific intent requirement, he maintains that, since former section 667.5, subdivision (c)(8)'s reference to section 12022.7 was specific rather than general, former section 667.5, subdivision (c)(8) incorporated former section 12022.7 as it existed in 1977, rather than the post-1995 version of section 12022.7, which contains no specific intent requirement.

Defendant relies on *Palermo v. Stockton Theatres, Inc.* (1948) 32 Cal.2d 53 (*Palermo*). " 'It is a well established principle of statutory law that, where a statute adopts

by specific reference the provisions of another statute, regulation, or ordinance, such provisions are incorporated in the form in which they exist at the time of the reference and not as subsequently modified, and that the repeal of the provisions referred to does not affect the adopting statute, in the absence of a clearly expressed intention to the contrary.'" (*Palermo*, at pp. 58-59.) "'It also [ ] [must] be noted that there is a cognate rule, recognized as applicable to many cases, to the effect that where the reference is general instead of specific, such as a reference to a system or body of laws or to the general law relating to the subject in hand, the referring statute takes the law or laws referred to not only in their contemporary form, but also as they may be changed from time to time, and (it may be assumed although no such case has come to our attention) as they may be subjected to elimination altogether by repeal.'" (*Palermo*, at p. 59.) "Moreover, where the words of an incorporating statute do not make clear whether it contemplates only a time-specific incorporation, 'the determining factor will be . . . legislative intent . . . .'" (*In re Jovan B.* (1993) 6 Cal.4th 801, 816.)

We acknowledge that section 12022.7, unlike section 667.5, is not "'a system or body of laws,'" nor are we convinced that section 12022.7 is "'the general law relating to the subject in hand.'" (*Palermo*, *supra*, 32 Cal.2d at pp. 58-59.) Therefore, section 667.5, subdivision (c)(8)'s reference to section 12022.7 does not fall within the "'cognate rule'" identified in *Palermo* as one means for identifying situations where the Legislature intended a general reference. (*Palermo*, at p. 59.) However, this conclusion does not end our analysis. "[T]he *Palermo* rule is not to be applied in a vacuum. The determining factor is legislative intent." (*People v. Pecci* (1999) 72 Cal.App.4th 1500, 1505.) Therefore, we proceed to a consideration of whether the Legislature intended section 667.5, subdivision (c)(8) to make "a time-specific incorporation" of the 1977 version of section 12022.7. (*In re Jovan B.*, *supra*, 6 Cal.4th at p. 816.)

Section 667.5 and section 12022.7 were originally enacted in 1976 by a single legislative act. (Stats. 1976, ch. 1139, § 268 [§ 667.5], § 306 [§ 12022.7].) The 1976

4

version of section 667.5, subdivision (c) began: "For the purpose of this section 'violent felony' shall mean any of the following crimes . . . ." The 1976 version of section 667.5, subdivision (c)(8) provided that it applied to "[a]ny other felony in which the defendant inflicts great bodily injury on person [*sic*] other than accomplices has been [*sic*] alleged and proved as provided for in Section 12022.7 if convicted after the effective date of this section or as specified prior to the effective date of this section in Sections 213, 264, and 461." (Stats. 1976, ch. 1139, § 268.) Former sections 213, 264, and 461 contained GBI penalty provisions applicable where GBI was inflicted with specific intent on the victim of a robbery (former § 213; Stats. 1967, ch. 149), rape (former § 264; Stats. 1967, ch. 151), or burglary (former § 461; Stats. 1967, ch. 150). These penalty provisions applied where, "with the intent to inflict such injury, [the perpetrator] inflicted great bodily injury on" the victim and that fact was charged and found true. (Stats. 1967, chs. 149, 150, 151.) The 1976 version of section 12022.7 provided for the imposition of a three-year enhancement term "[i]n any case, except a homicide offense, in which defendant is convicted of a felony in which the infliction of great bodily injury is not an element of the crime but in the course of the commission of said crime and *with the intent to inflict such injury*, the defendant inflicts such injury upon any person other than accomplices . . . ." (Stats. 1976, ch. 1139, § 306, italics added.) The 1976 act was not to become operative until July 1, 1977. (Stats. 1976, ch. 1139, § 351.5.)

Before the 1976 act could become operative, both sections were amended by a single 1977 legislative act. (Stats. 1977, ch. 165, § 13 [§ 667.5], § 94 [§ 12022.7].) Section 667.5, subdivision (c)'s introductory sentence remained the same. Subdivision (c)(8) was amended to provide: "Any other felony in which the defendant inflicts great bodily injury on any person other than an accomplice which has been charged and proved as provided in Section 12022.7 on or after July 1, 1977, or as specified prior to July 1, 1977, in Sections 213, 264, and 461 . . . ." (Stats. 1977, ch. 165, § 13.) Section 12022.7 was amended to apply to "[a]ny person who, *with the intent to inflict such injury*,

5

personally inflicts great bodily injury . . . ." (Stats. 1977, ch. 165, § 94, italics added.) The 1977 act took effect immediately and became operative on July 1, 1977. (Stats. 1977, ch. 165, §§ 98, 100.)

Subdivision (c)(8)'s reference to "Section 12022.7 on or after July 1, 1977" has remained unchanged since 1977. (Stats. 1977, ch. 165.) Section 12022.7's specific intent requirement was deleted in 1995. (Stats. 1995, ch. 341, § 1; § 12022.7, subd. (a).) In 1997, the introductory sentence of section 667.5, subdivision (c) was changed to read: "For the purposes of this section, 'violent felony' means any of the following . . . ." (Stats. 1997, ch. 504.)

Section 667.5, subdivision (c)(8)'s reference to section 12022.9 was added in 1988. (Stats. 1988, chs. 70, 432.) Section 12022.9 imposes a five-year enhancement where a perpetrator who intends to inflict injury and knows that the victim is pregnant causes termination of the pregnancy. (§ 12022.9.) Section 667.5, subdivision (c)(8)'s reference to section 12022.8 was added in 2006. (Stats. 2006, ch. 337, § 30, p. 2635.) Section 12022.8 provides for a five-year enhancement on "[a]ny person who inflicts great bodily injury, as defined in Section 12022.7, on any victim" of certain sex offenses. (Stats. 1997, ch. 109, § 2.) That language in section 12022.8 has not changed since it was enacted in 1979. (Stats. 1979, ch. 944, § 18.) Section 12022.8 does not require a specific intent because it did not incorporate former section 12022.7's specific intent requirement but only its definition of great bodily injury. (*People v. Martinez* (1993) 13 Cal.App.4th 23, 29.)

The "words" of section 667.5, subdivision (c)(8) "do not make clear whether it contemplates only a time-specific incorporation," so that determination must rest on evidence of the Legislature's intent. (*In re Jovan B.*, *supra*, 6 Cal.4th 801, 816.) We glean from the history of section 667.5, subdivision (c) that the Legislature did not intend for section 667.5, subdivision (c)(8)'s reference to section 12022.7 to be a time-specific incorporation. Throughout its history, beginning with the original 1977 operative version

6

of section 667.5, subdivision (c)(8), the application of the subdivision has been premised on infliction of GBI "which has been charged and proved as provided in Section 12022.7 on or after July 1, 1977." The Legislature's use of the words "on or after July 1, 1977" is a strong indication that it did *not* intend a time-specific incorporation of the July 1, 1977 version of section 12022.7. Section 12022.7 had never been operative prior to July 1, 1977. Hence, there would have been no reason to preclude the application of section 667.5, subdivision (c)(8) to defendants subjected to section 12022.7's provisions *prior* to that date. The only other purpose that language could serve was to indicate that the Legislature wished to incorporate any changes to section 12022.7's provisions "after July 1, 1977."

Defendant argues that rejecting his contention will produce an absurd result in that a person convicted of gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a)) will not fall within the provisions of section 667.5, subdivision (c), while an intoxicated driver who causes an injury (Veh. Code, § 23153) that amounts to great bodily injury (§ 12022.7) but does not kill someone will fall within section 667.5, subdivision (c)'s provisions. While a violation of section 191.5, subdivision (a) does not itself fall within section 667.5, subdivision (c)'s provisions, a person who violates section 191.5, subdivision (a) *also* necessarily violates Vehicle Code section 23153 and inflicts GBI. Under the Legislature's scheme, it is therefore up to the prosecutor to decide whether to charge such a person with a violation of section 191.5, subdivision (a), punishable by up to 10 years in prison (§ 191.5, subd. (c)), or a violation of Vehicle Code section 23153, a wobbler punishable by a jail term or at most a prison term of three years (Veh. Code, § 23554), and a GBI enhancement that would add at most another three years. We see no absurdity in the Legislature's decision to permit the prosecutor to decide whether the facts of a particular case merit pursuit of a wobbler conviction with a lighter punishment, which may constitute a violent felony if punished as a felony, or a nonviolent felony conviction with a much more severe punishment.

7

Defendant also contends that *People v. Van Buren* (2001) 93 Cal.App.4th 875 (*Van Buren*), disapproved on another point in *People v. Mosby* (2004) 33 Cal.4th 353, 365, fn. 3, upon which the Attorney General relies heavily, is distinguishable and was wrongly decided. We agree that *Van Buren* is distinguishable. In *Van Buren*, the defendant contended that section 2933.1's incorporation of section 667.5, subdivision (c) was a time-specific incorporation. The Second District Court of Appeal rejected that contention on the ground that section 667.5, subdivision (c) is "a critical element in the general body of law," thereby falling well outside the reach of the *Palermo* rule. (*Van Buren*, at p. 880.) Here, unlike in *Van Buren*, defendant contends that section 667.5, subdivision (c)(8)'s incorporation of section 12022.7, a statute that is not an element of a "general body of law," was a time-specific incorporation. Our analysis is based solely on a legislative intent analysis, not on *Van Buren*.

The Legislature's wording of section 667.5, subdivision (c)(8) in 1977 provides ample evidence that section 667.5, subdivision (c)(8)'s reference to section 12022.7 was not intended to be a time-specific incorporation. Consequently, section 667.5, subdivision (c)(8) did not incorporate a pre-1995 version of section 12022.7 containing a specific intent requirement. It follows that the trial court properly subjected defendant to the credit limiting provisions of section 2933.1.

Defendant's contention that he is entitled to additional conduct credit under section 4019 fails due to our holding that section 2933.1, subdivision (c) properly applies to him. Section 2933.1, subdivision (c) makes him ineligible for section 4019 conduct credit exceeding 15 percent of his presentence custody time.

## III.  Disposition

The judgment and order are affirmed.

_____
Mihara, J.

WE CONCUR:

_____
Premo, Acting P. J.

_____
Márquez, J.

9

Trial Court:                                    Santa Clara County Superior Court


Trial Judge:                                    Honorable David A. Cena


Attorney for Defendant and Appellant:           Jonathan E. Berger
                                                Under Appointment by the Sixth
                                                District Appellate Program


Attorneys for Plaintiff and Respondent:         Kamala D. Harris
                                                Attorney General of California

                                                Dane R. Gillette
                                                Chief Assistant Attorney General

                                                Gerald A. Engler
                                                Senior Assistant Attorney General

                                                Stan Helfman
                                                Supervising Deputy Attorney General

                                                Masha A. Dabiza
                                                Deputy Attorney General