Filed  4/30/14  P. v. Zamora CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>JOSE ZAMORA,<br><br>     Defendant and Appellant. | B248234<br><br>(Los Angeles County<br>Super. Ct. No. BA374669) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Monica Bachner, Judge.  Affirmed.

Tanya Dellaca, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, and Chung Mar, Deputy Attorney General, for Plaintiff and Respondent.

Defendant and appellant Jose Zamora appeals from the judgment entered following his no contest plea to first degree residential burglary. The trial court sentenced Zamora to four years in prison. Zamora contends the trial court erred by treating the offense as a violent felony, thereby limiting his conduct credits to 15 percent of his actual period of confinement. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

1. *Offenses, plea, and initial sentencing.*[1]

On August 4, 2010, Ana Carillo obtained a restraining order against Zamora, who is the father of her children. In the early morning hours of August 7, 2010, Carillo discovered Zamora inside her home, after he apparently entered through an unlocked window. They argued. Zamora hit her in the face, bruising her nose. He then left, surreptitiously taking, among other things, her cellular telephones. Later that day, Zamora returned to the apartment and asked Carillo about certain text messages he had found on her phone. When she asked him to leave, a physical struggle ensued. In the early morning of August 9, 2010, Carillo awoke to find Zamora standing next to her bed, naked. She asked him to leave, and he complied.

An information filed on September 7, 2010 charged Zamora with first degree burglary based on his entry into Carrillo's apartment on August 7, 2010. The charge read: "On or about August 7, 2010, in the County of Los Angeles, the crime of FIRST DEGREE BURGLARY, PERSON PRESENT, in violation of PENAL CODE SECTION 459, a Felony, was committed by JOSE ZAMORA, who did enter an inhabited dwelling house and trailer coach and inhabited portion of a building occupied by ANA CARRILLO [*sic*], with the intent to commit larceny and any felony." The information further alleged that the burglary was a serious felony within the meaning of Penal Code

---

[1] Because Zamora's conviction resulted from a plea entered prior to trial, we derive the factual background from the evidence adduced at the preliminary hearing. Because the details of the offenses are not relevant to the issue presented on appeal, we briefly summarize the facts.

section 1192.7, subdivision (c);[2] was a violent felony within the meaning of section 667.5, subdivision (c) "in that another person, other than an accomplice, was present in the residence during the commission of the above offense"; and the offense violated section 462, subdivision (a) [prohibiting a grant of probation to any person convicted of the burglary of an inhabited dwelling].)[3] Three additional counts charged Zamora with inflicting corporal injury on a cohabitant/child's parent (§ 273.5, subd. (a)), and disobeying a court order (§ 166, subd. (a)(4)).

On February 4, 2011, Zamora pleaded no contest to count 1, the burglary charge, pursuant to a negotiated plea. When taking the plea, the prosecutor queried, "You're charged in information BA374669 in count 1 with a violation of Penal Code section 459, a felony, commonly known as first-degree burglary. Do you understand the charges against you?" Zamora replied affirmatively. The prosecutor then stated, "It is my understanding that you're going to be admitting count 1 and in exchange, you will receive 90 days of county jail, three years formal probation, and you will attend a 52-week domestic violence program. Is that your understanding?" Again, Zamora replied affirmatively. The prosecutor then advised Zamora of his rights to trial by jury, confrontation, and against self-incrimination; the potential immigration consequences of his plea; and the fact the conviction could be used to enhance sentence on future crimes. Zamora indicated he understood. The prosecutor then took Zamora's plea, as follows: "in case BA374669, to count 1, violation of first-degree burglary, Penal Code section

---

**2**    All further undesignated statutory references are to the Penal Code.

**3**    Section 462, subdivision (a) provides: "Except in unusual cases where the interests of justice would best be served if the person is granted probation, probation shall not be granted to any person who is convicted of a burglary of an inhabited dwelling house or trailer coach as defined in Section 635 of the Vehicle Code, an inhabited floating home as defined in subdivision (d) of Section 18075.55 of the Health and Safety Code, or the inhabited portion of any other building."

3

459, a felony, that was committed on or about August 7, 2010, within the County of Los Angeles, how do you now plead?" Zamora replied, "No contest."

The prosecutor then asked defense counsel, "And does counsel join in the waiver, concur in the plea, and stipulate to the police report and probation report as a factual basis for the plea?" Defense counsel replied: "No. I will stipulate that the prosecution has specific evidence to support its allegation factual basis and that the prosecution is prepared to present that evidence pursuant to *People vs. French* [(2008)] 43 Cal.4th 36. That's the stip I'm entering into." The trial court advised Zamora that his maximum sentence was six years, and set the sentencing hearing for several weeks later.

At the February 25, 2011 sentencing hearing, the trial court suspended imposition of sentence and, as agreed, placed Zamora on felony probation for three years on condition he serve 90 days in jail. The trial court awarded Zamora 32 days of actual custody credit, and 18 days of conduct credit. It also imposed a restitution fine, a suspended parole restitution fine, a criminal conviction charge, a court security fee, and a domestic violence counseling fee. After reciting various terms of Zamora's probation, the court stated: "People's motion to dismiss remaining counts and special allegation is granted."

The court's minute order states, "On People's motion, remaining counts and allegations are ordered dismissed."

2. *Violation of probation and imposition of sentence.*

On April 16, 2013, the trial court found Zamora in violation of probation. A different judge, not the judge who had taken Zamora's plea, presided over the probation revocation and subsequent sentencing hearing, and the parties were represented by a different prosecutor and defense counsel. Among other things, evidence presented at the revocation hearing showed Zamora had again entered Carillo's home without permission in the middle of the night, assaulted a male friend of hers who was visiting at the time, and attempted to choke Carillo.

The trial court imposed a mid-term sentence of four years. The parties then discussed Zamora's custody credits. The trial court stated it had reviewed the transcript

4

of the plea proceeding and had not seen an admission of the person present allegation. Therefore, the court reasoned that the offense was a serious felony (§ 1192.7), but not a violent offense (§ 667.5, subd. (c)). On further consideration, however, the court noted that the person present allegation had not been stricken from the information. From this the court inferred Zamora had admitted the allegation. Accordingly, the court awarded limited custody credits as if the offense was a violent felony.

At a subsequent hearing, the court and counsel revisited the issue of custody credits. Defense counsel argued that Zamora had not admitted the "person present" allegation, and therefore the crime was not a violent felony. The trial court asked for authority stating a defendant must expressly admit the allegation when it is included in the language of the count. Defense counsel responded that she had not discovered any relevant law. However, she had reviewed the notes of the attorney who had represented Zamora at the plea proceeding. Counsel explained, "For what it's worth, the alternate public defender who took the plea at the time contemplated that the plea itself was going to . . . have . . . that person present language stricken at the time of the plea." Counsel had asked the prosecutor to check her file, but "that was not something that they had noted in their file." The court observed that there was nothing in the court file or reporter's transcript indicating the "person present" allegation was to be stricken. Accordingly, the court concluded, "There is no action for me to take."

DISCUSSION

Burglary of an inhabited dwelling house constitutes first degree burglary. (§§ 459, 460.) Any first degree burglary is defined as a serious felony. (§ 1192.7, subd. (c)(18).) A first degree burglary is defined as a *violent* felony only when "it is charged and proved that another person, other than an accomplice, was present in the residence during the commission of the burglary." (§ 667.5, subd. (c)(21).) When a defendant has been convicted of a violent felony, section 2933.1[4] limits his or her conduct credits to 15

---

[4] Section 2933.1, subdivision (a) provides: "Notwithstanding any other law, any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5

5

percent of the actual period of confinement. (§ 2933.1, subd. (a); *People v. Torres* (2011) 198 Cal.App.4th 1131, 1151; *People v. Singleton* (2007) 155 Cal.App.4th 1332, 1336-1337; *People v. Garcia* (2004) 121 Cal.App.4th 271, 274.) Thus, the 15 percent credit limitation does not apply to a person convicted of first degree residential burglary unless it is pleaded and proven that the residence was occupied by a non-accomplice at the time of the burglary.

Zamora makes three related contentions in support of his argument that he is not subject to the 15 percent credit limitation of section 2933.1. First, he avers that he pleaded guilty only to first degree burglary, not the "person present" allegation, and the court dismissed the remaining allegations—including the person present allegation—after taking his plea. Second, *Apprendi v. New Jersey* (2000) 530 U.S. 466, as interpreted by *Alleyne v. United States* (2013) __ U.S. __ [133 S.Ct. 2151, 2013 U.S. Lexis 4543], prohibited the trial court from making factual findings on the person present allegation in the absence of his admission. Third, he contends a finding the burglary was a violent felony breached the parties' plea agreement. Although the record is not entirely clear, we conclude it does not support Zamora's contentions.

1. *Certificate of probable cause.*

Preliminarily, the People argue Zamora's claim is barred because he failed to obtain a certificate of probable cause. (§ 1237.5; Cal. Rules of Court, rule 8.304(b)(1).) We disagree. A certificate of probable cause is not required if the appeal is based on grounds that arose after the entry of the plea and do not affect the plea's validity.

---

shall accrue no more than 15 percent of worktime credit, as defined in Section 2933." Section 2933.1, subdivision (c) provides: "Notwithstanding Section 4019 or any other provision of law, the maximum credit that may be earned against a period of confinement in, or commitment to, a county jail, industrial farm, or road camp, or a city jail, industrial farm, or road camp, following arrest and prior to placement in the custody of the Director of Corrections, shall not exceed 15 percent of the actual period of confinement for any person specified in subdivision (a)." Thus, both worktime and conduct credits are restricted to 15 percent for persons who commit offenses listed in section 667.5, subdivision (c). (*People v. Fong* (2013) 217 Cal.App.4th 263, 266.)

(§§ 1237, subd. (b); Cal. Rules of Court, rule 8.304(b)(4)(B).)  Section 1237.5 provides that a defendant may not appeal from a judgment of conviction upon a plea of guilty or no contest unless he has applied to the trial court for, and the trial court has executed and filed, a certificate of probable cause for such an appeal.  (*People v. Shelton* (2006) 37 Cal.4th 759, 766; *People v. Mendez* (1999) 19 Cal.4th 1084, 1094-1095; Cal. Rules of Court, rule 8.304(b).)  Nonetheless, the California Supreme Court has held that issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed may be raised on appeal following a guilty or no contest plea without the need for a certificate.  (*People v. Buttram* (2003) 30 Cal.4th 773, 780; *People v. French* (2008) 43 Cal.4th 36, 43.)  In determining whether a certificate is required, the critical inquiry is whether a challenge to the sentence is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5.  (*Buttram,* at pp. 781-782.)

"Presentence custody credit issues do not require a certificate of probable cause.  Instead, a defendant must raise the issue at sentencing, or, upon later discovery of miscalculation, by motion for correction of the record in the trial court.  (§ 1237.1.)  If the error is not corrected by the trial court, defendant may appeal the issue without a certificate of probable cause."  (*People v. Hodges* (2009) 174 Cal.App.4th 1096, 1102, fn. 5; *People v. Mendez, supra,* 19 Cal.4th at p. 1100 [referring to miscalculation of presentence custody credits as noncertificate issue]; see generally *People v. Kelly* (2013) 215 Cal.App.4th 297, 306-307.)

Here, Zamora is not challenging the *validity* of his plea to first degree burglary.  Instead, he challenges the credit limitation, a post-plea matter.  He also challenges the trial court's conclusion that he actually admitted the person present allegation.  The latter contention is not a challenge to the *validity* of the plea, but rather an allegation that the admission was not made in the first instance.  His appeal is therefore proper.

2. *The 15 percent credit limitation was properly applied.*

Zamora's claims fail on the merits, however.  At the plea proceeding, the prosecutor expressly referenced the charges set forth in the information in count 1:

7

"You're charged in Information BA374669 in count 1 with a violation of Penal Code section 459, a felony, commonly known as first-degree burglary." When taking Zamora's plea minutes later, the prosecutor queried, "Jose Luis Zamora, in case BA374669, to count 1, violation of first-degree burglary, Penal Code section 459, a felony, that was committed on or about August 7, 2010, within the County of Los Angeles, how do you now plead?" As noted, as set forth in the information, the charge in count 1 expressly included the "person present" allegation. It is well settled that " '[a] plea of guilty admits every element of the offense charged . . . , all allegations and factors comprising the charge contained in the pleading. . . .' [Citation.]" (*People v. Palacios* (1997) 56 Cal.App.4th 252, 257-258; *People v. Tuggle* (1991) 232 Cal.App.3d 147, 154, disapproved on another ground in *People v. Jenkins* (1995) 10 Cal.4th 234, 251-252; see also, e.g., *Sanchez v. Superior Court* (2002) 102 Cal.App.4th 1266, 1269; *People v. Caceres* (1997) 52 Cal.App.4th 106, 109, fn. 4.) "The legal effect of a no contest plea is the same." (*People v. Palacios, supra,* at p. 257.) Therefore, when Zamora admitted count 1—which contained the person present allegation—he admitted that a person other than an accomplice was present in the apartment when he committed the burglary.

This conclusion is buttressed by the fact that the court that took Zamora's plea did not strike the person present allegation from count 1, either orally or by notating the information. The parties never discussed the person present allegation at the plea proceeding. Likewise, they did not suggest that the issue of custody credits had figured into the plea agreement. In short, nothing in the record of the plea proceeding indicates that elimination of the person present allegation was an aspect of the negotiated plea. On these facts, we cannot conclude Zamora pleaded only to a simple violation of section 459, minus the person present allegation. It is a fundamental precept that on appeal, "a judgment is presumed correct, and a party attacking the judgment, or any part of it, must affirmatively demonstrate prejudicial error." (*People v. Garza* (2005) 35 Cal.4th 866, 881; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) " ' "All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This

8

is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error." [Citations.]' [Citations.]" (*People v. Nitschmann* (2010) 182 Cal.App.4th 705, 708-709; *Denham*, at p. 564.)

Zamora argues that the trial court "formally" struck, or dismissed, the person present allegation pursuant to the plea. But, as we have discussed, it did not. The record is unclear at best on this point. When orally pronouncing judgment, the court stated the *remaining* counts and "special allegation" were dismissed. It did not specify what the remaining allegation was. As the People argue, the court could have been referring to the allegation made pursuant to section 462, subdivision (a), that Zamora was not eligible for probation because he had been convicted of burglary of an inhabited dwelling house. The minute order refers to "allegations" in the plural form, but again does not specify to which allegations it refers. Neither the oral pronouncement of judgment nor the minute order state that the person present allegation was stricken from the language of the count itself. On this record, the court's somewhat cryptic statements about dismissing one or more allegations are not enough to compel the conclusion that Zamora failed to admit the allegation, or that dismissal of the allegation was part of the plea agreement.

Nor do we think defense counsel's comments about her predecessor's notes compel such a conclusion. Defense counsel stated that the notes showed that on the date of the plea, former counsel "contemplated" the allegation would be stricken. Neither the People's file nor the court's file contained similar notes. As the trial court reasoned, "[m]aybe that's what [former defense counsel] was seeking at some point." Former counsel's notes are simply too nonspecific and vague to compel the conclusion that elimination of the person present allegation was a term of the agreement, or that Zamora would not admit the allegation. Likewise, the fact defense counsel at the plea proceeding refused to stipulate to the facts contained in the police and probation reports, while providing some support for Zamora's argument, is not, by itself, dispositive.

Zamora also points out that the trial court that took his plea did not impose the 15 percent credit limitation. From this, he reasons that the court and parties understood he had not admitted the person present allegation. However, "the 15 percent limitation

9

on preprobation and sentence conduct credits in section 2933.1 is inapplicable when the accused is placed on probation." (*In re Carr* (1998) 65 Cal.App.4th 1525, 1528.) Because Zamora was placed on probation after the plea, the amount of conduct credits he was awarded at that time does not assist him.

Given our conclusions that Zamora admitted to the person present allegation, and that there is an insufficient showing dismissal of the allegation was a term of his plea agreement, we necessarily reject his claim that treating his crime as a violent felony for purposes of section 2933.1's conduct credit limitation violated his plea agreement. Likewise, because Zamora admitted the person present allegation, his claims of error under *Apprendi* and *Alleyne* fail.[5] (See, e.g., *People v. DeHoyos* (2013) 57 Cal.4th 79, 152 [statutory maximum term is the maximum sentence a judge may impose " ' "solely on the basis of facts reflected in the jury verdict *or admitted by the defendant*," ' " italics added].)

In sum, we discern no error in the imposition of a 15 percent limitation on Zamora's pre- and postsentence custody credits.

---

[5]     In light of our conclusion, we need not address whether *People v. Garcia* has any application here. (121 Cal.App.4th at p. 274 [holding that determination of whether a defendant's current conviction for first degree burglary is a violent felony for the purpose of calculating presentence conduct credits is properly part of the trial court's traditional sentencing function].)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ALDRICH, J.


We concur:


KLEIN, P. J.



KITCHING, J.

11