Filed 2/26/21  P. v. Trotter CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Calaveras)

----

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>   v.<br><br>CHRISTOPHER JOHN TROTTER,<br><br>       Defendant and Appellant. | C089651<br><br>(Super. Ct. Nos. 15F6649,<br>16F6839, 16F6958) |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

In case No. 15F6649 (case 49), defendant Christopher John Trotter pleaded no contest in September 2015 to a charge of assault by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)),[1] and the remaining allegations in the case were dismissed.

---

[1] Further undesignated statutory references are to the Penal Code.

In October 2015, the trial court ordered 36 months of probation.

In April 2016, probation was summarily revoked.

Regarding case No. 16F6839 (case 39), in June 2016 defendant was charged with one felony count of evading a police officer (Veh. Code, § 2800.2, subd. (a)), and one misdemeanor count of resisting a police officer (§ 148, subd. (a)(1)).

On the same day the charges in case 39 were filed, proceedings were suspended in both case 49 and case 39, because defendant's attorney stated a doubt that defendant was competent to stand trial (§ 1368).

In August 2016, the trial court found defendant competent to stand trial and reinstated proceedings.

Later that month, defendant admitted violating probation in case 49, and pleaded no contest to the felony evading count in case 39.

In November 2016, the trial court ordered 36 months of probation in case 39, and reinstated probation in case 49.

Regarding case No. 16F6958 (case 58), in December 2016 defendant was charged with one felony count of arson (§ 451, subd. (b)). The offense was alleged as a serious felony within the meaning of section 1192.7, subdivision (c)(14).

Also that month, probation in both case 49 and case 39 was summarily revoked, and proceedings were suspended in all three cases pursuant to section 1368.

In October 2017, the trial court found defendant competent and proceedings in all three cases were reinstated.

In January 2018, defendant pleaded no contest to the arson charge in case 58 and admitted violating probation in the other two cases.

At a hearing in March 2018, in case 39 and case 49, the trial court imposed consecutive eight-month terms in state prison (but suspended execution of those prison terms) and reinstated probation for terms of 36 months. In case 58, the trial court

2

imposed an eight-year term in state prison (but suspended execution) consecutive to the suspended prison terms in case 39 and case 49, and ordered 60 months of probation.

In April 2018, a probation officer filed petitions to revoke probation in all three cases.

In fall 2018, the trial court ordered execution of the suspended sentences, and imposed an aggregate term of nine years four months with 938 days of custody credits.

In December 2018, after the trial court received correspondence from the Department of Corrections and Rehabilitation (CDCR) indicating a sentencing error,[2] it resentenced defendant to a term of eight years eight months, with no objection from defense counsel.

Defendant appealed.

Appointed counsel for defendant asked this court independently to review the record pursuant to *Wende*. Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed supplemental briefing in which he (1) challenges the trial court's credit calculation, (2) alleges ineffective assistance of counsel in connection with his pleas and sentencing, (3) challenges the propriety of the resentencing proceedings, and (4) requests "a new trial to be resentenced" in all three cases and "a new hearing withdraw plea."

Defendant's arguments lack merit.

---

[2] CDCR noted that the sentencing triad for a violation of section 245, subdivision (a)(4) (defendant's conviction in case 49) is two, three, four. Thus, one-third the middle term is one year. But the abstract of judgment reflected an eight-month sentence for the conviction as being one-third the middle term.

1. *Credit Calculation*

Defendant argues his attorney "told [him] [he] would receive prior to signing the pre plea 4019 credits for time served. . . . Nothing was ever mentioned about 15% or 85%." Defendant says: "I'm asking for credit for time served in all cases."

*Additional Background*

At the beginning of the January 2018 hearing at which defendant pleaded no contest to felony arson, the parties and the trial court discussed the possibilities of the sentence that the trial court might impose if defendant were to change his plea. During that discussion, the trial court said: "And then he would have certain credits, I would imagine, towards time served. We can certainly calculate those or take a look at those. [¶] [Defense counsel], did you need more time with your client?" Defendant's counsel replied, "No . . . we went over it . . . yesterday."

Before the trial court accepted defendant's plea to felony arson in January 2018, it asked defendant if he "had enough time so that if [he] had any questions [he] could ask about . . . the consequences [of his] plea." Defendant replied, "[y]es."

The trial court also asked defendant if "anybody . . . made any promises to [defendant] that" were "not talked about on the record in order to get [defendant] to enter a plea." Defendant replied, "[n]o."

When the trial court imposed the suspended state prison terms in the fall of 2018, the question of custody credits arose. The trial court explained to defendant that he was "only entitled to fifteen percent credit" for time in custody in connection with his arson offense.

*Analysis*

Under section 4019, " '[i]n addition to actual credit . . . detainees in local institutions are usually able to earn credit against their eventual sentence for good behavior and work performed.' " (*People v. Superior Court (Frezier)* (2020) 54 Cal.App.5th 652, 661.) "Section 4019 conduct credits are available for inmates

4

confined to a local facility, including a county jail, following arrest and before the imposition of a sentence for a felony conviction." (*Ibid.*) But, section 2933.1 limits accrual of credits to 15 percent of the actual period of confinement for defendants convicted of a felony offense listed in subdivision (c) of section 667.5. (*People v. Fong* (2013) 217 Cal.App.4th 263, 266.)

"Arson, in violation of subdivision (a) or (b) of Section 451," is listed in subdivision (c)(10) of section 667.5.

Accordingly, defendant's arson conviction limited his section 4019 credit accrual to 15 percent, as the trial court correctly told him.

Defendant's assertion that his trial counsel "never mentioned" this limitation does not change the law. And, to the extent that defendant asserts that his counsel somehow affirmatively misstated what credits defendant would receive, and that absent that misstatement, defendant would not have pleaded no contest to the arson charge, the assertion is inconsistent with the transcript at the January 2018 hearing, wherein defendant told the trial court that nobody made any promises to him that were "not talked about on the record in order to get [defendant] to enter a plea." (See *People v. Gutierrez* (2003) 106 Cal.App.4th 169, 175 [rejecting argument that trial counsel "actually gave [defendant] advice that was contrary to what he was thereafter told . . . in open court," because it rested on an assertion that "directly contradict[ed]" defendant's statement in open court "that no promises were made to him that were not on the record"].)

Accordingly, this argument lacks merit.

2. *Ineffective Assistance of Counsel*

To the extent this claim is based on counsel's omissions or misstatements concerning custody credits, we reject it because, the record on appeal (described above) is insufficient to demonstrate deficient performance. (See *People v. Wilson* (1992) 3 Cal.4th 926, 936 [if the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged, unless counsel was asked for an explanation and failed to

5

provide one, or unless there simply could be no satisfactory explanation, the claim on appeal must be rejected].)

To the extent defendant is challenging other performance by trial counsel, we reject this argument because it is too underdeveloped.  (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 [appealing party required to make a reasoned legal argument]; *Dills v. Redwoods Associates, Ltd.* (1994) 28 Cal.App.4th 888, 890, fn. 1 [undeveloped argument may be treated as abandoned].)

3. *Resentencing Proceeding*

Defendant contends he was not present at the December 2018 resentencing proceeding, and "object[s]" to it.

The record indicates defense counsel was present, but defendant was not, though he may have had a right to be (cf. *People v. McCallum* (2020) 55 Cal.App.5th 202, 215).

But any error was harmless, as the trial court *reduced* the sentence to correct an illegality and had no discretion to reduce it further.  (*People v. Mendoza* (2016) 62 Cal.4th 856, 900-905 [harmless error vis-à-vis defendant's absence during parts of trial]; *People v. Howard* (1997) 16 Cal.4th 1081, 1087-1088 [trial court must execute previously imposed sentence upon revocation of probation].)

4. *Requests for "new trial to be resentenced" and "new hearing withdraw plea"*

We reject these requests that are unaccompanied by developed argument.  (*Benach v. County of Los Angeles, supra*, 149 Cal.App.4th at p. 852; *Dills v. Redwoods Associates, Ltd., supra*, 28 Cal.App.4th at p. 890, fn. 1.)

Having undertaken an examination of the record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

_____/s/_____

RAYE, P. J.

We concur:

_____/s/_____

MAURO, J.

_____/s/_____

DUARTE, J.